## Claypool v. Rutherford.

Jan. 31, 1941.

Laurence B. Finn and Finn & Orendorf for appellant.

Harlin & Harlin for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellee sued the appellant and one Elmer C. Anderson to recover the excess proceeds of the sale of a mineral lease which appellee had executed to appellant in order to enable him as her agent to sell it advantageously.

Appellant enlisted the services of Anderson who sold the lease for $3,000 to a purchaser from Texas where the land was located. The amount for which the lease was sold was concealed from appellee by appellant who testified that shortly thereafter he visited the appellee at her home in Bowling Green and paid her $700. According to appellee, her agreement with appellant was that she should receive the first $500 and that any additional amount obtained for the lease should be

322

divided between her and appellant in such proportions as she might determine. According to appellant, his final understanding with appellee was that he was to receive for his services all of the sale price in excess of $500. She testified that she received only $500 of the proceeds of the sale, and the Special Chancellor who tried the case rendered judgment against the appellant for $2,500 plus $100 advanced expense money on the theory that appellant had forfeited all right to any compensation by reason of his fraudulent conduct.

It would serve no useful purpose to recite the testimony since we are precluded from considering it because of the failure of appellant to make it a part of the record by bill of exceptions. Duvall et al v. Marshall et al., 280 Ky. 81, 132 S. W. (2d) 511.

If it were otherwise, we would nevertheless be compelled to affirm the judgment as the testimony sustains the finding of the Chancellor, and, viewed in the aspect most favorable to the appellant, creates no more than a doubt as to the correctness of his decision. Ward v. Salyer, 283 Ky. 294, 140 S. W. (2d) 1016.

Judgment affirmed.