## Conley's Adm'r et al. v. Kindred.

November 19, 1946.

Rehearing denied March 7, 1947.

Henry Stephens, Jr., Judge.

Clark Pratt for appellants.

Combs & .Combs for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant's decedent, R. L. Conley, executed an oil

and gas lease to appellee, by the terms of which the former is to receive as royalty one-eighth of all gas to be produced on the property. The royalty is to be paid in cash and computed at the rate of 12 cents per 1,000 cubic feet. Both parties had fully complied with this agreement at the time the petition herein was filed. The petition alleges that, simultaneous with the execution of the lease, the parties entered into a written "side contract," whereby appellee agreed to pay to Conley, as additional royalty, one-sixteenth of the remaining seven-eighths of the gas to be produced on the property. Appellee denied the allegations of the petition, and pleaded that his signature was forged to the instrument. The action was brought in equity, the evidence was taken by depositions and submitted to the Chancellor for decision. Judgment was entered dismissing the petition. The sole question presented for our determination is whether the evidence is sufficient to support the judgment.

The evidence is conflicting; the contention of Conley is supported by his own testimony, that of two or three other witnesses, and proof of circumstances; the contention of appellee is supported by his own testimony, proof of circumstances, and comparison of the signature on the instrument sued on with admitted samples of appellee's handwriting. This Court, in equity cases, is committed to the rule that a finding or decree of a judge or chancellor on conflicting evidence will not be disturbed, where a review of the evidence merely raises a doubt as to the correctness of the finding. Steel v. Perry County, 299 Ky. 827, 187 S. W. 2d 302. The original contract and exhibits of appellee's handwriting have not been transmitted to this Court, and may show on their faces that the instrument sued on is a forgery. This Court cannot determine the correctness of a finding of fact, unless all of the evidence presented to the Chancellor is presented to us on appeal; and where an exhibit depicts a physical fact pertinent to the issue, the original, or a facsimile thereof, should be included in the transcript of the record or bill of evidence on appeal. Since we do not have before us all the evidence submitted to the Chancellor, we must presume that the portion of the evidence which has not been presented to us supports the Chancellor's finding. Sebree v. Henderson,

205 Ky. 524, 266 S. W. 53. Under the circumstances, it is unnecessary to discuss the partial evidence presented by appellant.

The judgment is affirmed.