## Carter et ux. v. Nance et ux.

March 14, 1947.

Elvis J. Stahr, Judge.

J. E. Warren and Flavious B. Martin for appellants.

Seth T. Boaz and John McDonald for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Dismissing appeal.

Dewey Nance and his present wife, Oretha, filed this declaratory judgment action in the Graves Circuit Court against Wesley Carter and Dicie Carter, the parents of Dewey's first wife (now dead), to obtain the custody of Dewey's nine year old daughter, Wanda Joyce Nance, from the child's maternal grandparents. After hearing considerable proof taken by depositions the chancellor awarded the custody of the child to her father and the grandparents appeal.

The judgment was rendered on Feb. 12, 1946, but the appeal was not filed in this court until August 26, 1946, and appellees move to dismiss because the appeal was not filed within 60 days after the judgment became final (nor was an extension granted), as required by sec. 639a—5 of the Civil Code of Practice. This motion was passed to merits and has been fully briefed on both sides.

Appellants' position is that the action although denominated a declaratory judgment is not such a proceeding as the cause of action had accrued at the time it was brought; that the cause is one of pure equity cognizance and was tried and disposed of pursuant to the Practice Act, sec. 367a—1 et seq., of the Code, in which the chancellor rendered the usual decree in equity and did not make a formal declaration of the rights of the parties.

Appellees insist that this controversy is one in which the declaratory judgment act may be invoked; that it was practiced throughout not as the usual equity suit is practiced but under sec. 639a—1 et seq.; that it is **immaterial** whether the judgment made a formal declaration of the rights of the parties or was rendered in the usual form of a decree in equity.

Section 639a—2 of the Civil Code, in enumerating some of the instances in which the Act properly may be invoked (but this section expressly states that it does not name all of them), recites that the remedy lies where an actual controversy exists between parties whose rights are affected by statute, or who are concerned with a status or relation. Here Dewey Nance set out in his petition that the child's mother was dead and that he being her father, and a person of good moral character and suited to. the trust of having the custody of his daughter, was entitled to her custody. It is provided in KRS 405.020 that the father and mother shall have the joint custody of their minor children and if either parent dies, the survivor, if suited to the trust, shall have the custody of the minor children. The grandparents claim that the father is not a suitable person to have the custody of his daughter. In addition to this statute being invoked by both parties, they likewise are concerned with the status or the relation of this child to them.

In the circumstances it is necessary that it be determined without delay who is entitled to the custody of this child and that question can be finally decided more expeditiously in this character of action than in any other. The modern tendency is to enlarge rather than restrict the field of operation of declaratory judgment actions where the controversy may be finally terminated. It is clear to our minds that the question of whether the surviving father or the maternal grandparents be entitled to the custody of this child is a controversy which may be properly decided in a declaratory judgment action. 16 Am. Jur. sec. 17, p. 291; Johnson v. Cook, 274 Ky. 841, 120 S. W. 2d 675.

Appellants' contention, that the right of action had accrued at the time this suit was brought and this removed it from the procedure provided in sec. 639a—1

et seq., of the Civil Code, is answered in 16 Am. Jur. sec. 18, p. 292, where it is written: "As a general rule, the courts will not render a declaratory judgment as to future rights, but just as in ordinary actions will wait until the event giving rise to the rights has happened, or, in other words, until the rights have become fixed under an existing state of facts."

We cannot agree with counsel for appellants that this case was practiced under sec. 367a—1 et seq., of the Civil Code, known as the Practice Act. The petition filed July 11, 1945, recites "that an actual controversy has arisen and now exists" between the parties, and its prayer asked "for a declaratory judgment with a binding declaration of the rights" between the parties hereto. On the day the petition was filed notice was given appellants that appellees had filed an action seeking a declaration of rights and would move the court on July 21, 1945, for an early hearing. A written motion was filed asking an early hearing and that the "court render a declaratory judgment with a binding declaration of rights" between the parties. While it is true appellants did not file answer until the following August rule day, as required by sec. 367a—3 of the Code, and there was considerable delay in getting the proof into the hands of the chancellor due to the illness of the reporter who took the depositions, it cannot be doubted that appellants had full notice that appellees were proceeding under the declaratory judgment act.

Nor can we agree with appellants that the court did not make a declaration of the rights of the parties. The cogent part of the judgment reads: "The court * * * doth adjudge that the plaintiff, Dewey Nance, is entitled to and he is hereby awarded the immediate and permanent care, custody, control, nurture and education of his child, Wanda Joyce Nance, free from any molestation, hindrance or interference upon the part of the defendants, or any of them, and it is further ordered and adjudged that the defendants, Wesley Carter and Dicie Carter, in whose custody the child, Wanda Joyce Nance, now is, forthwith deliver the possession and custody of said Wanda Joyce Nance to the plaintiff, Dewey Nance. It is further adjudged that the plaintiff, Dewey Nance, shall permit said child to visit her grandparents, Wesley Carter and Dicie Carter, at reasonable intervals at such

times so as not to interfere with the education, control and training of said child.''

It is difficult to conceive how the chancellor could have used clearer or more definite language in declaring the rights of these parties. He decided the one and only issue raised by the pleadings—who was entitled to the custody of the child, her father or her grandparents. It is not necessary that a declaratory judgment be in any particular form or that the phrase, ''the court declares the rights of plaintiffs (or defendants) to be,'' shall be used so long as the court actually passes upon or adjudges the issues raised by the pleadings. Lexington R. System v. Lexington Cab Co., 284 Ky. 786, 146 S. W. 2d 26.

It is said in sec. 639a—5 of the Civil Code that an appeal from a declaratory judgment must be prosecuted within 60 days from the rendition of the judgment in the circuit court (unless the time is extended as therein provided), and this court has consistently held that unless the appeal is lodged here within that time it must be dismissed for lack of jurisdiction. Lady v. Lady, 225 Ky. 679, 9 S. W. 2d 1003; Moore v. Lee Court Realty Co., 240 Ky. 835, 43 S. W. 2d 45. Therefore, there is nothing left for us to do but sustain appellees' motion to dismiss this appeal because same was not filed in time.

We might add that we have read the entire record and are not convinced that the chancellor's judgment is unsupported by the preponderance of the evidence. At most, our minds are only left in doubt, and under the familiar rule that this court will not disturb a judgment when we only have a doubt as to the evidence supporting the chancellor's finding, we could not reverse this judgment even if we had jurisdiction. Claypool v. Rutherford, 285 Ky. 321, 147 S. W. 2d 702.

Appellees' motion to dismiss the appeal must be sustained for the reason that it was not filed in the time required by the Civil Code, and it is so ordered.