## McAllister et al. v. Rennison et al.

October 3, 1947.

L. B. Handley, Judge.

Henry J. Tilford, Leon Seidman and Thos. C. Fisher for appellants.

A. E. Funk for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Dismissing appeal.

T. D. McAllister and wife filed this declaratory judgment action in the Bullitt Circuit Court against Ida Mae Rennison and her husband, G. I. Rennison, wherein the chancellor was asked to declare the rights of the parties in an alley between their respective properties situated in Bardstown Junction, and to enjoin appellees from using the alley and from interfering with appellants' use of it. During the litigation, Mr. McAllister died intestate and the action was revived in the name of his heirs.

Upon hearing the proof taken by depositions, the chancellor located the alley as is shown on a map filed with the deposition of Charley Rodgers, County Surveyor of Bullitt County, and declared it was a public alley and dissolved the temporary restraining order previously issued by the circuit court clerk against appellees. From the judgment of the court declaring the rights of the parties Mrs. McAllister and the heirs of her husband brought this appeal.

The judgment was rendered on November 29, 1946, but the appeal was not filed in this court until March 24, 1947, and appellees moved to dismiss the appeal because it was not filed within 60 days after the judgment became final (nor was an extension granted), as required by sec. 639a—5 of the Civil Code of Practice. This motion was passed to merits and was briefed by attorneys who did not represent appellants in the trial court.

Appellants insist that although the action is denominated a declaratory one, it is purely an equitable action and was practiced throughout as the usual equity suit is practiced under the Practice Act, sec. 367a-1 et seq. It is true the parties appeared to be in no hurry to terminate this litigation as appellees did not file answer until July 3, 1946, and at that July Term of the Bullitt Circuit Court the case was continued. However, the record does not show on whose motion it was continued. Both parties took their proof by depositions on November 13, 1946, and the judgment which was rendered on November 29th recites the court "declared the rights of the parties as follows: 1st. It is adjudged and declared

by the court that the alley * * * as shown upon the plat * * * made by Rodgers * * * is the correct and proper location of said alley * * * 2nd. It is further adjudged and declared as the right of the parties that each of the parties * * *, as well as all other persons, have the right to the continued uninterrupted use of said alley.''

There is no doubt that a controversy existed between these parties relating to this alley, as is shown by the pleadings. The mere fact that the first paragraph of the answer contained a general denial as is provided in sec. 113 to the 1946 Supplement to the Civil Code of Practice, Laws 1942, c. 200, sec. 4, does not take this action out of the category of a declaratory one. This general denial merely put in issue appellants' title to the alley and its actual location in reference to the property lines of the parties. The location of the alley concerned the title of the parties to their respective real estate and necessitated a construction of their deeds. It cannot be doubted that under sec. 639a-2 this was an action under which the Declaratory Judgment Act properly may be invoked, and there is nothing in the record to show that either of the parties did not regard and practice this action as a declaratory one. The petition appellants filed, as well as the final judgment entered by the court, plainly show this to be a declaratory action.

Under sec. 639a-5 of the Civil Code an appeal from a declaratory judgment must be prosecuted within 60 days from the rendition of the judgment in the circuit court, unless the time is extended as provided in this section, and we have repeatedly and consistently held that unless the appeal is lodged here within that time, it must be dismissed for lack of jurisdiction. Therefore, we are compelled to sustain appellees' motion to dismiss the appeal for lack of jurisdiction since it was not filed in time. Lady v. Lady, 225 Ky. 679, 9 S. W. 2d 1003; Moore v. Lee Court Realty Co. 240 Ky. 835, 43 S. W. 2d 45; Carter v. Nance, 304 Ky. 256, 200 S. W. 2d 457.

It might be well to say in passing that we have read the record and it amply supports the finding of the chancellor that this alley is where he located it and that appellees and the public have the right to use it. Therefore, even if we had jurisdiction of the appeal, we would not reverse the judgment.

For the reason that the appeal was not filed in the time required by the Civil Code, appellees' motion to dismiss the appeal must be sustained, and it is so ordered.