Dismissing appeal.
On Dec. 2, 1947, appellees, Louisville and Jefferson County Planning and Zoning Commission, after a public hearing adopted a resolution granting a permit to The Methodist Hospital Commission for a "specific use" of property known as the Claggett Estate, containing 28.4 acres, located in Jefferson County outside the limits of Louisville on Dundee Road and Emerson Avenue. The Methodist Hospital Commission contemplates erecting a hospital on the property. The resolution recites that the Planning and Zoning Commission had not sufficient information before it to determine whether or not the buildings and structures would be developed so as not to adversely affect the public health, safety, morals or general welfare of the community, and requires complete plans and specifications for all construction to be submitted to it prior to the actual issuance of the zoning permit.
The Hospital Commission was satisfied with the action of the Zoning Commission but some of the property owners adjacent to the Claggett Estate were not and the latter appealed to the circuit court. Hon. James W. Stites, Special Judge, heard the case and in an exhaustive and well-reasoned opinion upheld the action of the Zoning Commission; whereupon the property owners attempted to appeal to this court. *Page 362 
The Zoning Commission has moved this court to dismiss the appeal on the ground it was not taken in time. The property owners, as well as the Zoning Commission, have briefed the question raised on the motion and we now consider it.
The 1948 General Assembly enacted a bill, Chapter 217, Acts of that year, containing an emergency clause which was signed and approved on March 26, 1948, and became effective on that date. This Chapter 217 is now KRS 100.970, 1948 Ed. and reads:
"(1) Appeals to the Court of Appeals from judgments and appealable orders of the circuit courts arising under the planning and zoning laws of this Commonwealth shall be taken in the same manner and within the same time provided for appeals from declaratory judgments by Section 639a — 5 of the Civil Code of Practice, and all provisions of said section of the Civil Code of Practice shall apply to such appeals.
"(2) This section shall apply to such judgments and appealable orders heretofore rendered or which may hereafter be rendered; provided, however, that as to judgments and appealable orders entered prior to March 26, 1948, the period of sixty days shall begin to run from that date."
Judgment was rendered by the trial judge on May 26, 1948, he overruled the motion for a new trial on June 1st, and the appeal was not filed here until Aug. 10, 1948. Thus it is apparent that appellants did not bring their appeal to this court in time, since under sec. 639a — 5 of the Civil Code of Practice an appeal from a declaratory judgment must be prosecuted within sixty days from the rendition of the judgment in the circuit court, unless the time is extended as provided in this section. We have consistently held that unless the appeal is lodged here within the time provided in sec. 639a — 5, it must be dismissed for lack of jurisdiction. Lady v. Lady,225 Ky. 679, 9 S.W.2d 1003; Moore v. Lee Court Realty Co.240 Ky. 835, 43 S.W.2d 45; McAllister v. Rennison, 305 Ky. 497,204 S.W.2d 808.
Before KRS 100.970 was enacted and became effective on March 26, 1948, an appeal to this court in a zoning case was prosecuted in the same manner as common *Page 363 
law cases are appealed, KRS 100.057. Immediately following KRS 100.057 in the 1948 Edition of the statutes is a note referring to KRS 100.970 as to when appeals are to be taken to this court. Appellants urge that as the transcript was filed here twenty days before the first day of the second term of this court next after the appeal was granted, Civil Code of Practice, sec. 738, they were in time, because the 1948 Acts were not published at the time this judgment was rendered, nor at the time they filed their record here and they did not know of the enactment or existence of KRS 100.970, 1948 Ed. and had no way of ascertaining that the time had been reduced within which this character of case might be appealed to this court.
There is a maxim as old as the law itself, ignorantia legis neminem excusat, "ignorance of the law excuses no one," 42 C. J. S. page 380. This is a rule of necessity, otherwise ignorance of the law would furnish immunity from punishment for violations of the Criminal Code and immunity from liability for violations of personal and property rights. Topolewski v. Plankington, 143 Wis. 52, 73, 126 N.W. 554, 561. In Logsdon v. Haney, 74 S.W. 1073, 25 Ky. Law Rep. 245, it was written that this maxim has been applied with the same rigor in this jurisdiction as elsewhere, and that one's non-action through ignorance of the law could not be allowed to extend or enlarge his legal rights.
It is insisted by appellants that Heath v. Hazelip, 159 Ky. 555, 167 S.W. 905; Wash v. Noel, 160 Ky. 847, 170 S.W. 197
and Louisville Cooperage Co. v. Rudd, 276 Ky. 721,124 S.W.2d 1063, 144 A.L.R. 763, hold that the Legislature may not remove a bar of limitation which has become complete, nor may it shorten a limitation without allowing a reasonable time within which an action may be brought. From this premise they argue that the Legislature in this instance has reduced the period within which an appeal may be taken without allowing a reasonable time wherein it may be prosecuted. These cases do hold just what appellants say they do, but it does not follow that they are authorities which forbid the Legislature from making the reduction it did here in the time within which an appeal may be prosecuted, where the act so doing gives a reasonable time for perfecting the appeal. *Page 364 
The case at bar had not even been tried when KRS 100.970, 1948 Ed. went into effect on March 26, 1948, and the judgment was rendered exactly two months thereafter on May 26th. This 1948 Act recites it applies to all appealable orders rendered after the effective date of the Act, and as to such orders entered prior thereto the sixty day period shall begin to run from March 26, 1948. Thus in every instance the dissatisfied litigant is given sixty days to perfect his appeal and certainly this must be deemed a reasonable protection from the change made in the time for the appeal. But like all changes made in the law by the Legislature, it was necessary for the litigants to keep themselves informed thereof — ignorance on the part of a litigant of a change the Legislature has made in the law will not excuse him from its effect nor allow him to extend or enlarge his legal rights.
We are constrained to sustain appellees' motion and dismiss this appeal because it was not filed here within the time provided in sec. 639a — 5 of the Civil Code of Practice. It may be of some solace to appellants for us to add that an examination of the record convinces us that had we considered the case on its merits, the judgment of the lower court would have been affirmed.
For the reasons given the appeal is dismissed.