### Crook et al. v. Wilson et al.

June 9, 1950.

Rehearing denied Oct. 24, 1950.

H. F. S. Bailey, Judge

John T. King for appellants.

C. A. Pepper, R. Lee Blackwell and Bullitt, Dawson & Tarrant for appellees.

STANLEY, COMMISSIONER—Dismissing appeal.

The case is submitted upon a motion to dismiss the appeal because not timely filed.

S. L. Crook and others filed a suit against Holman R. Wilson, his wife, and Emma S. Rademaker stating that at a decretal sale by the United States District Court, Wilson had purchased certain real estate with valuable fluorspar deposits, which had belonged to the S. L. Crook Corporation, and charging that he had acquired same under a contract to hold title as trustee and when sold would divide the proceeds, but he had fraudulently sold the same to Mrs. Rademaker. The plaintiffs prayed that they be adjudged the rightful owners of an undivided one-half interest in the prop-

erty. Not long afterward Wilson filed a declaratory judgment suit against plaintiffs in the first action and a number of other parties. They prayed judgment declaring the rights of the respective parties in the property, settling the controversies existing between them and quieting the plaintiffs' title. The two cases were consolidated and evidence heard on the issues, which were whether the trust contract alleged was a forgery and the character and rank of several claims against the property.

A judgment was entered in the consolidated case as of the last day of the June, 1949, term of court, dismissing the first action instituted by Crook and declaring the rights of the respective parties, which declaration was adverse to the plaintiffs in the first action who were among the defendants in the second. The appeal was not filed in this court until April 10, 1950.

It is readily apparent that this court has no jurisdiction to review the declaratory judgment since the filing of an appeal within sixty days from such a judgment is mandatory. Sec. 639a—5, Civil Code of Practice. McAllister v. Rennison, 305 Ky. 497, 204 S.W.2d 808. In order to avoid the effect of this well settled law, the appellants have shown in this court that the trial court did not decide the case until August, 1949; that the draft of a judgment was not approved until October; and that the judgment was not in fact entered on the order book as of June 25, 1949. On the same day the judgment was approved and ordered to be entered in October, the appellants had filed a schedule for the record, but it was not delivered to them until January, 1950. The cause of the delay is not revealed. We cannot regard these extenuating circumstances, for the record of the entry of the order on June 25, 1949, must stand as recorded. The very question was decided early after the enactment of the declaratory judgment statute in Supreme Tent of Knights of Maccabees of World v. Dupriest, 238 Ky. 352, 38 S.W.2d 241. Even were it otherwise, after the appellants received the record they did not bring the appeal until after the expiration of sixty days.

The case first filed in the circuit court was a suit in equity to enforce an alleged trust and did not seek a declaratory judgment. But all of the issues were em-

braced in the suit for declaratory judgment, in which a number of other parties were involved, and the decision in that branch of the consolidated case determined all the issues in the first suit. As that decision became final sixty days after the judgment, it follows that the first action, so far as the right of appeal is concerned, became moot, for all questions were thereby and therein finally adjudicated. The right of parties to prosecute the appeal has ceased and under the terms of Section 757, Civil Code of Practice, the motion to dismiss that branch of the case must be sustained also.

The appeal in the consolidated case, therefore, is dismissed.