## JENNINGS et al. v. JENNINGS.

Court of Appeals of Kentucky.

Jan. 18, 1952.

Wheeler & Wheeler, Paintsville, for appellants.

W. A. Johnson, Paintsville, for appellee.

CLAY, Commissioner.

This suit was brought by appellee for division of land in which he claimed a one-half undivided interest. Appellants by answer alleged they were the sole owners. The Chancellor entered judgment in appellee's favor.

The principal controversy involves a deed executed by appellee to one Kanawha Jennings, and an alleged written agreement signed by the latter to the effect that the deed would be ineffective if certain conditions were not met. There is no question that appellee made the conveyance, which bore the date of January 8, 1937, and recited a consideration of $1200. The ultimate dispute is whether or not Kanawha executed the agreement, dated January 11, 1937, which voided the deed.

Appellants introduced substantial evidence that the recited consideration in the deed was actually paid, though appellee denied it. In the absence of the agreement, the Chancellor would have been justified in declaring the deed effective. However, if the agreement was executed by Kanawha, it destroyed the deed, and appellee has not parted with his interest in the land.

Appellants' witnesses testified that the signature on the agreement was not that of Kanawha. Appellee stated that Kanawha signed the contract, and also introduced in evidence the latter's original signature on other instruments. No proof by experts was introduced by either party. To resolve the conflict in testimony, the Chancellor, as recited in his "Opinion and Judgment," compared the signature on the agreement with other authenticated signatures of Kanawha and concluded they were the same. This comparison, of course, was proper. Sowards v. Sowards et al., 249 Ky. 742, 61 S.W.2d 609.

Appellants, who insist the Chancellor reached an erroneous conclusion, failed to bring up with the record the original exhibits upon which the Chancellor based his finding. We do not have before us the original agreement, nor any samples of Kanawha's signature. We must therefore presume the physical evidence examined by the Chancellor supported his finding. Conley's Adm'r et al. v. Kindred, 304 Ky. 1, 199 S.W.2d 610. In that case we said, 304 Ky. at page 2, 199 S.W.2d at page 610: "The original contract and exhibits of appellee's handwriting have not been transmitted to this Court, and may show on their faces that the instrument sued on is a forgery. This Court cannot determine the correctness of a finding of fact, unless all of the evidence presented to the Chancellor is presented to us on appeal; and where an exhibit depicts a physical fact pertinent to the issue, the original, or a facsimile thereof, should be included in the transcript of the record or bill of evidence on appeal. Since we do not have before us all the evidence submitted to the Chancellor, we must presume that the portion of the evidence which has not been presented to us supports the Chancellor's finding."

Appellants further insist appellee did not properly plead his case so as to authorize the cancellation of the deed. By reply appellee specifically asked that it be removed from the records of the County Clerk's office where it was recorded. Since the whole controversy involved the effectiveness of this deed, and since appellee prayed for all proper equitable relief in addition to the specific request mentioned, it is obvious the pleadings support the judgment.

The judgment is affirmed.