## HARRIS v. DENNIS et al.

Court of Appeals of Kentucky.
April 25, 1952.

Athol Lee Taylor, Louisville, for appellant.

J. D. Buckman, Jr., Shepherdsville, for appellee.

COMBS, Justice.

By this action appellant sought a declaration of rights concerning a private roadway that crosses his land and which affords appellees a means of ingress and egress to and from their land. The existence of the roadway is admitted but appellant contends that its width is 10 feet, while appellees maintain the correct width is 30 feet.

The Honorable Samuel J. Stallings was designated Special Judge of the Bullitt Circuit Court to try the case. Upon a hearing, counsel for appellees produced a copy of a survey purporting to show the lands owned by the respective parties and the location and width of the disputed roadway. After further discussion with counsel for both parties, the court entered the judgment which is the subject of this appeal. The judgment commences: "This cause coming on to be heard and same having been submitted to the court on the pleadings and the survey which is now filed and the court being sufficiently advised," and, after declaring the rights of the parties, ends: "To all of which the plaintiffs object and except and prays an appeal to the Court of Appeals which is granted and he is given until the third day of the next regular term of the Court to perfect his record." The judgment was entered on June 28, 1950. On November 27, 1950, which was the first day of the succeeding term of court, counsel for appellant filed motion "to correct" the judgment on the ground it was entered before the action stood for trial. There is

nothing in the record to show that appellees had notice of the motion, and no order disposing of the motion was entered on the order book. There does appear on the face of the motion this notation: "Filed and overruled—Henry L. Brooks, Special Judge."

A certified copy of Judge Stallings' judgment was filed with the clerk of this Court on November 27, 1950, and the transcript of the record was filed December 18, 1950. Appellees moved to dismiss the appeal because the record was not filed within the time provided by 639a–5, Civil Code of Practice. The motion was overruled but appellees have requested in their brief that it be reconsidered.

█ This being a declaratory judgment action, and the record admittedly not having been filed here within the time prescribed by the applicable section of the Civil Code of Practice, the appeal must be dismissed. Carter v. Nance, 304 Ky. 256, 200 S.W.2d 457, 170 A.L.R. 517, and cases therein cited. Judge Stallings' order giving appellant until the third day of the succeeding term of court to perfect his record was not an extension of time within which to perfect the appeal by filing the record in this Court. Cf. Murray Motor Co. v. Overby, 217 Ky. 198, 289 S.W. 307.

█ We have not overlooked the fact that on December 8, 1950, this Court sustained appellant's motion to extend for 30 days the time within which to file transcript of the record here. At that time the period given by 639a–5 of the Civil Code of Practice had expired, and our order could not have the effect of reviving an appeal which was already dead. It is unnecessary to decide what the effect of the order would have been had it been entered before the time for appeal had expired.

█ Appellant strenuously insists he was deprived of the right to introduce proof, although there is no avowal as to the nature of the proof he desired to introduce; that the judgment was prematurely entered and amounts to a clerical misprision; and that his motion at the succeeding term "to correct" the judgment should have been sustained. Aside from the fact there is no order disposing of the motion, and treating the notation on the face of the motion as an order of court, we are confronted with the difficulty that appellees were given no notice of the motion, no exception was taken to the court's ruling, and no request for an appeal from that ruling has been made either in the circuit court or in this Court. Notice to appellees was a prerequisite to a valid order by the circuit court. Seiler v. Northern Bank of Kentucky, 86 Ky. 128, 5 S.W. 536. So, even if appellant had perfected his appeal from the order overruling the motion, we would be required to affirm the lower court because of the failure to give notice.

█ Although the case must be decided on technical grounds, we have examined the pleadings and the order of survey referred to in the judgment and are of the opinion they support the judgment. The report of survey affirmatively shows the roadway in question to be 30 feet wide. Appellant contends, however, that this exhibit was not properly identified as part of the record and cannot be considered by this Court. We agree. But this is of little comfort to appellant. The judgment shows an exhibit was filed and considered by the trial court. If the exhibit which is now with the record is not the correct one, then the exhibit is missing. We, therefore, must apply the rule that where an exhibit is filed and considered by the trial judge and is not brought to this Court, we assume that it supports the judgment. Conely's Admr. v. Kindred, 304 Ky. 1, 199 S.W.2d 610; Jennings v. Jennings, Ky., 245 S.W.2d 429. It seems that counsel for appellant is enmeshed in a maze of technicalities of which he is the chief architect.

The order heretofore entered overruling appellees' motion to dismiss the appeal is withdrawn and the appeal is dismissed.