SABINE AREA INDUSTRIAL UNION, LOCAL 1814–C.I.O., et al., Appellants,

v.

Lynus JUNEAU, d/b/a Juneau's Cafe, Appellee.

No. 6071.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 20, 1956.

Dixie, Ryan & Schulman, Houston, for appellants.

John H. Benckenstein, Beaumont, for appellee.

ANDERSON, Justice.

On application of Lynus Juneau, who was doing business in the name of Juneau's Cafe, and after a hearing on the merits of the case, judgment was entered in the district court of Jefferson County, 58th Judicial District, permanently enjoining Sabine Area Industrial Union, Local 1814–C.I.O., and other defendants from picketing plaintiff's place of business at 410 Proctor Street, Port Arthur, Texas, and the defendants appealed.

Pending a hearing and disposition of the appeal in this court, appellee Lynus Juneau filed herein his motion to have the appeal dismissed, representing that the case has become moot. He represented in his motion, which he swore to, that he had sold, transferred and delivered his cafe business to Jack Payne and associates, assigning and transferring to them at the same time the lease he held on the premises in which the business was conducted. He stated that the sale was "a complete sale of the business and premises," disclaimed having retained any interest in either the business or premises, and represented that he no longer claims any right, title or interest in either. He further stated that following the aforesaid sale, which was made under date of April 5, 1956, he moved to Alexandria, Louisiana, entered a new and different kind of business, and expects to be domiciled at the new location permanently. A supporting affidavit by Jack Payne and a certified copy of the bill of sale by which the aforesaid sale is represented as having been made were filed with the motion. In the bill of sale the grantors, appellee and his wife, acknowledged receipt of the full consideration, which was represented to be $10 "and other good and valuable considerations."

Appellants concede that the case is moot if the appellee has in fact made a bona fide, complete, and final or executed sale of the business, and has with like finality assigned the lease on the premises, but question its mootness "if appellee has retained any share of the profits, or if appellee is collecting monies from the earnings of the business, through subleasing arrangements or otherwise, or if appellee holds mortgage or deed of trust security through which he may soon be back in possession of the premises and business." They say that only the parties to the transaction know whether or not any of these latter conditions exist, question the sufficiency of appellee's motion and supporting proof to negative the existence of such

matters and contingencies, and, without actually controverting appellee's motion or any of its allegations, or even setting up by some controverting pleading that they have grounds for questioning the bona fides of the sale or the sale's finality, they request this court to order a hearing on appellee's motion so that all circumstances attending the sale of the business and assignment of the lease may be fully explored. They also pray in the alternative that the entire case be dismissed and the costs assessed against appellee.

If the case is moot, the judgment of the trial court must be vacated and the case itself dismissed at the cost of appellee. International Ass'n of Machinists, Local Union No. 1488, v. Federated Ass'n of Accessory Workers, Tex.Com.App., 133 Tex. 624, 130 S.W.2d 282, opinion adopted; Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 420. This being true, appellee is the only party who, as a practical matter, stands to suffer injury if the case is declared to be moot. We feel that this consideration, when taken together with the affidavits and other supporting proof, is a sufficient guaranty of the truthfulness of the fact allegations of appellee's motion and of the bona fides of the sale. We are furthermore of the opinion that, when fairly construed, appellee's motion sufficiently shows on its face that a bona fide, complete, and final or executed sale of the business and assignment of the lease were made. The legal significance of facts such as those suggested by appellants as possibly existing is therefore not involved.

Appellants' motion for a hearing on appellee's motion is overruled; the case is hereby declared to be moot; appellee's motion to dismiss the appeal is overruled, and appellants' alternative prayer is granted. The judgment of the trial court is accordingly in all things vacated and set aside, the case is itself dismissed, and all costs in both this court and the trial court are adjudged against appellee, Lynus Juneau, who was plaintiff in the trial court.

WALKER, Justice (dissenting).

I disagree with the ruling that appellee need furnish no more information. I would grant appellants' request for a discovery to the extent of requiring appellee to show just what the consideration was for his transfer of business and possessory rights, and to furnish such additional information as might be needed to explain that about the consideration. The bill of sale describes the consideration for transfer of personal property and business as "Ten and No/100 ($10.00) Dollars, and other good and valuable considerations;" and this description has not been exemplified by appellee and appellee has not stated the consideration for transferring his possessory rights. To some extent, appellee's motion and his evidence that the cause is moot involved conclusions about the legal consequences of his transaction with Mr. Payne. I believe that discovery, and this is what the relief asked for by appellants amounts to, should freely be awarded when such a motion as appellee's is filed, not only where the fact material is peculiarly within the knowledge of movant and his associates, but also, as a matter of equity and to expedite the business of the court, when movant can furnish the necessary information with substantially less effort and difficulty or expense and with substantially greater speed than his opponent can. The problem involved seems to me to be primarily one of how to administer the affairs of the court efficiently and equitably, and does not call for, and ought not to be determined, by a rigid rule invariably requiring a movant's opponent to deny or discredit affidavits tendered by a movant on pain of otherwise having the motion ruled against him.

However, if the cause be moot, then I agree with the judgment of the court; and furthermore, if appellee's motion were not opposed, I think that the affidavits and bill of sale filed by him, together with appellants' acquiescence in the motion, would constitute enough proof that the cause was moot.