## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stewart

v.

Delaney

August 9, 1983

Case No. (Law) 7757

### By JUDGE HENRY H. WHITING

In this action brought against two lawyers for malpractice, the plaintiff contends that he dealt with a partnership and not with the one lawyer alone who gave him the advice.

The plaintiff has filed pleadings indicating a street sign showing the occupants of the law office as "Delaney & Delaney," the telephone was answered in the name of those two parties, the stationery used by the lawyers had the heading of "Delaney & Delaney," and both lawyers corresponded with him regarding his legal matter. In the Court's opinion this is an ample allegation of a partnership by estoppel sufficient to create a factual issue for a jury. *Norfleet v. Stewart*, 204 S.W.2d 808 (Ark. 1929), cited by plaintiff, and *Myers v. Aragona*, 318 A.2d 263 (Md. App. 1974), cited by defendant, are both very close to this case.

In *Norfleet* father and son shared a law office suite, had a common reception room, used the name Norfleet & Norfleet on their office stationery, signed pleadings Norfleet & Norfleet and the son, who claimed it was not a partnership, signed letters for his father as "Norfleet & Norfleet" by him. This, coupled with evidence of some activity by the son in the case giving rise to the litigation, was held sufficient to make it "natural for [the client] to understand that [the son] was a member of the firm of Norfleet & Norfleet." (20 S.W.2d at 870). In

*Myers* common stationery and law offices and references to each other as "my partner" were held to create a partnership by estoppel as a matter of law under § 16 of the Maryland Uniform Partnership Act.

> [W]hen a person either orally, in writing, or by his conduct represents himself, or consents to have another represent him as a partner in an existing partnership with one or more persons, "he is liable to any such person to whom any such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership."
>
> The gist of both the original action and the amended one was the liability of Myers for the misappropriation, by his partner, of funds entrusted to the partnership. Even if no actual partnership existed between Gordon and Myers, Myers is nonetheless, by virtue of his using or allowing the use of the name "Gordon & Myers, Attorneys at Law" on the "Settlement Statement[s]" and "Law Offices Gordon & Myers" on letterheads estopped from denying the existence of the partnership. Md. Ann. Code art. 73A, § 16.
>
> He may not now be heard to say that he was not, in fact, a partner, but that he and Gordon merely had a "relationship." In the eyes of the law, that "relationship" is as much a partnership, insofar as third parties are concerned, as if there had been formal Articles of Partnership subscribed to by both Myers and Gordon. *Id.* at 268-269.

The one case cited in support of the defendants' claim that no partnership liability was created treated it as a minor part of the case, citing no authority. The entire discussion on this is quoted:

> Dickens filed an answer in which he denied any personal connection with the transactions, and any partnership relationship with Avery. Although it appears that they shared office space and operated under the name of Avery and Dickens,

it is equally apparent from the testimony that they only shared office expenses and kept their practices separate in all other respects. The third party demand will therefore be dismissed insofar as it affects Mr. Dickens and the so called partnership. *Joseph* v. *Greater New Guide Baptist Church, Inc.*, 194 So. 2d 127 (La. App. 1966).

The Court does not believe this case has enough of the facts stated to be a helpful precedent. Moreover, we cannot tell whether Louisiana had a statute similar to Section 16 of the Uniform Partnership Act, as both Maryland and Virginia do. § 50-16(1) Virginia Code.