722 A.2d 86

Hassan HAMDAN

v.

Larry W. KLIMOVITZ, et al.

No. 1887, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Dec. 30, 1998.

Barry S. Brown, Baltimore, for Appellant.

Paula S. Etting (Ernest A. Crofoot, on the brief), Bel Air, for Appellees.

Joseph J. Curran, Jr., Atty. Gen. of MD, Sloane Fried Kinstler, Asst. Atty. Gen., Dept. of Labor, Licensing & Regulation, Baltimore, for Amicus Curiae State of MD.

Charles W. Thompson, Jr., County Atty., Karen L. Federman Henry, Associate County Atty., Rockville, for Amicus Montgomery County, MD.

Janice G. Davidson, Deputy County Atty., Denton, for Amicus Caroline County, MD.

Argued before WENNER, THIEME and MARVIN H. SMITH (Retired, Specially Assigned), JJ.

MARVIN H. SMITH, Judge (Retired, Specially Assigned).

Appellant, Hassan Hamdan (Hamdan or appellant), a Harford County pawnbroker, contended unsuccessfully in the Circuit Court for Harford County that sections 188–3 and 188–4 of the Harford County Code were preempted by Title 12 of the Maryland Business Regulation Article.   Section 188–3

requires "[e]very pawnbroker doing business in the county" to submit to "the Sheriff of the County, a list of articles bought, traded or pledged" daily. Section 188–4 spells out in detail what must be included in that list. We would affirm but for the failure of the trial court to issue a declaratory judgment. For that reason we shall vacate the judgment below and remand this case for entry of a declaratory judgment consistent with this opinion.

Questions presented by Hamdan are:

(1) Are the Harford County Ordinances which the Harford County Government found appellant to have violated preempted by Title 12 of the Maryland Business Regulation Article?

(2) Assuming *arguendo* that the Harford County Government did have jurisdiction to regulate appellant's activities as a pawnbroker, did the Harford County Government err in failing to explain the basis of its decision and failing to address appellant's argument that twenty-three of the items which appellant allegedly failed to report to the Harford County Government fell outside of the Harford County Government's jurisdiction?

Not surprisingly, Klimovitz, Harford County's Director of Administration, and Harford County see the matter somewhat differently. The questions as presented by him and the County on his behalf are:

(1) Is the decision of the Harford County Director of Administration, Larry W. Klimovitz, or the decision of the Harford County Director of the Department of Inspections, Licenses and Permits, Richard D. Lynch, subject to appeal to the Circuit Court (as opposed to judicial review by means of an original action filed in the Circuit Court)?

(2) Is Hamdan entitled to a writ of mandamus preventing the two months suspension of his pawnbroker's license?

(3) Does Title 12 of the Maryland Business Regulation Article which regulates dealers and, under certain cir-

cumstances, pawnbrokers preempt' Chapter 188 of the Harford County Code which regulates pawnbrokers?

(4) Is the Harford County Director of Administration, Larry W. Klimovitz, required to make findings of fact or to explain the basis of his decision when he is not the administrative agency that suspended Hamdan's license?

We distill the issues before the Court into:

(1) Was the case properly before the trial court?

(2) Were the findings of fact adequate?

(3) Was the Harford County public local law preempted by state law?

(4) Was the trial judge's decision otherwise correct?

## Facts and Procedural Background

This case is a procedural mess, as will appear as we set forth the proceedings in the circuit court.

Harford County, pursuant to the home rule provisions of the Maryland Constitution, has adopted a charter. Accordingly, it is permitted to enact public local laws applicable to that county. As previously indicated, Chapter 188 of its county code in section 188–3, requires every pawnbroker doing business in the county to supply daily to the sheriff of that county "a list of articles bought, traded or pledged," while section 188–4 states what must be included in that list.

Appellant is a pawnbroker in the Edgewood section of Harford County, trading as Starlite Coin & Pawn. During the week of March 30, 1992, representatives of the Harford County Sheriff's Office visited him and explained to him legal requirements relative to his reporting of pawn transactions. This was shortly after he began business. Thereafter, the sheriff's department by letter dated April 27, 1992, advised him that he had not complied with the regulation and if he failed to do so "within 10 business days of the date of receipt of [the] letter," action would "be taken to suspend [his] license ...." This letter was sent certified mail, return receipt

requested. Apparently, he understood this language because he seems to have complied with the reporting requirements for a substantial period of time thereafter.

In June of 1995, the Harford County Sheriff's Office, while investigating a breaking and entering, discovered that the alleged victim had rented a VCR and television from another place of business and then pawned them at Hamdan's establishment. This took place on two separate dates in May of 1995. These items were reported as stolen in the breaking and entering. Investigators discovered that there was no report from Hamdan concerning these pawn transactions.

Under date of June 27, 1995, the sheriff's office brought to the attention of Richard Lynch, Director of Inspections, Licenses, and Permits of Harford County, these derelictions and other factors which suggested to that office "the possibility that [pawn] tickets [were] being issued for items not reported to the Sheriff's Office." The sheriff's office "request[ed] that [Lynch] consider a suspension/revocation hearing concerning this matter." A hearing was held. Hamdan appeared and was represented by counsel. Lynch's decision was announced in a letter to Hamdan's attorney that stated in pertinent part:

"Correspondence dated April 27, 1992, from Deputy First Class Diane Newton specifically apprised your client of Section 188–3 of the Harford County Code and warned him at that time that he must comply with that regulation. Your client's testimony at the hearing informed this Administrator that on or about January of 1995 *he elected independently to operate his own pawn shop outside the requirements of Harford County Code Section 188–3 and Section 188–4.* When I questioned as to why he changed his business practice *he informed me that it was simply to save unnecessary paperwork for his business as well as the Sheriff's Department.*

CONCLUSION: I find that your client did freely and willingly operate his pawn shop in direct violation of Harford County Code Section 188–3 and hereby suspend his

operators's license effective September 15, 1995 to November 15, 1995.

I also find that your client did freely and willing operate his pawn shop in direct violation of Harford County Code Section 188–4(A) and hereby suspend his operators [sic] license effective September 15, 1995 to November 15, 1995."[1] [Emphasis supplied].

Hamdan was advised of a right of appeal to Larry W. Klimovitz, Harford County's Director of Administration.

No issue was raised before Lynch concerning the preemption by state statute of the county code provisions relative to pawnbrokers here in question. No evidence was presented to show that twenty-three of the 129 items at issue met the definition of "precious metal object" under the state statute and thus, pursuant to a contention presented to us, could not be policed or regulated by the county.

Harford County has in effect what it calls "Administrative Rules of Procedure for Regulations and Hearings." These are not laws. Rule R–2.4 provides that in a situation such as the case at bar an appeal lies to the Director of Administration, which Klimovitz is. Hamdan appealed. He appears to have raised the preemption issue for the first time before Klimovitz, who found no preemption and upheld the suspension.

Hamdan then filed in the Circuit Court for Harford County what he styled as a petition for judicial review of the decision of Klimovitz, attaching a copy of that decision. The County countered on behalf of Klimovitz with a motion to dismiss. (In an earlier generation we would have referred to it as a demurrer.) The motion asserted that the court was "without jurisdiction to hear an appeal of the County Administrative Decision at issue . . . ."

Hamdan then filed an amended petition. He said he "amend[ed] his Petition for Judicial Review and, in the alternative, brings an action for declaratory relief . . . ." He

---

1. Various stays have prevented the suspension from taking effect. Thus, the issue before us is live.

asserted that "the Klimovitz decision was arbitrary and capricious and ... otherwise illegal" because of the alleged preemption; that if the code provisions did apply to him, "the hearing below was contaminated with illegal evidence since the allegations against Mr. Hamdan included the assertion that [he] had violated the Harford County Code by failing to report property items which clearly fell within the category of second hand precious metal objects, coins and numismatic items" (exempt under the state statute from regulation); that his right to appellate review was limited because the proceeding before Klimovitz "was not stenographically recorded or transcribed but, instead, was notated by secretarial shorthand"; and that the decision by Klimovitz "fail[ed] to make a specific finding of fact as to why he chose to uphold the two-month suspension at issue and, therefore, violate[d] Mr. Hamdan's right to be informed as to the basis of the decision," which, he said, "constitut[ed] a deprivation of Mr. Hamdan's rights to due process." He prayed a declaration that the decision was "arbitrary and capricious, illegal and ... otherwise null and void ...."

The trial judge treated the action as one for mandamus. He regarded this proceeding as governed by the Administrative Procedure Act and thus the test was whether there was substantial evidence from the record as a whole to support the agency's decision. He found no conflict between the State and County laws. Among other things, he pointed to the revisor's note to Title 12 of the Business Regulation Article, which we shall later quote. He found without merit the argument that there were insufficient findings of fact. He further found that Hamdan "knowingly chose to disregard" the requirements for reports to the sheriff's office. Noting that the license at issue here "easily could have [been] suspended ... for a longer and perhaps more appropriate time period," but instead was suspended for but two months, he said that he "w[ould] not second guess or modify the suspension period of Appellant's license." Accordingly, the decision of the Director of Administration was affirmed. This appeal followed.

## I. Was the Case Properly Before the Trial Court?

■ Klimovitz argues that the administrative decisions here are not subject to the provisions of the Administrative Procedure Act and thus are not subject to appeal to the circuit court.

■ No one has pointed to a statutory provision for appeal to the circuit court. Such would be necessary for there to be a right of appeal. In *Urbana Civic Assn., Inc. v. Urbana Mobile Village, Inc.*, 260 Md. 458, 272 A.2d 628 (1971), the Court of Appeals was faced with an attempt to appeal approval of a subdivision plat for a mobile home park. Judge Digges there said for the Court:

> We have determined . . . that not only must the appellants' case be dismissed for lack of jurisdiction in this Court, Maryland Rule 835(a)(2) and (b)(1), but the appellee's initial appeal to the circuit court must also be dismissed for a lack of jurisdiction in that court. *See Barnett v. Charles County*, 206 Md. 478, 485, 112 A.2d 492 (1955).' *Id.* at 460, 272 A.2d 628.

The Court further said that the actions there in question were not "reviewable under the Administrative Procedure Act since county agencies are not included within its provisions," and that "it should not be thought that the Maryland Rules regulating appeals from administrative agencies . . . can grant a right of appeal." *Id.* at 462, 272 A.2d 628. The opinion concluded by stating, "Neither the appellant nor the appellee are without a remedy, for they may utilize mandamus or seek appropriate equitable relief in an original action in their attempt to resolve the legal status of the proposed mobile home park." *Id.* at 463, 272 A.2d 628.

Although perhaps inartfully phrased, we regard Hamdan's "amended petition for judicial review" as essentially an original action for declaratory relief. Obviously, as we shall point out, if this were an action for declaratory relief the trial court had jurisdiction, notwithstanding the fact that the trial judge addressed the issues in terms of mandamus.

Maryland Code (1973, 1998 Repl.Vol.), section 3–403(a) of the Courts and Judicial Proceedings Article states, "Except for the District Court, a court of record within its jurisdiction may declare rights, status and other legal relations whether or not further relief is or could be claimed."

It follows that the County was in error when it suggested to the trial judge in its response to the amended petition that the court lacked subject matter jurisdiction over the cause of action and that the complaint failed to state a claim upon which relief can be granted. Citing almost a half-page listing of cases, the Court of Appeals in *Broadwater v. State*, 303 Md. 461, 465, 494 A.2d 934 (1985), pointed out that "[l]egions of [its] cases hold that a demurrer, the type of motion to dismiss [t]here involved, rarely is appropriate in a declaratory judgment action." The *Broadwater* court quoted from *Hunt v. Montgomery County*, 248 Md. 403, 237 A.2d 35 (1968), where Chief Judge Hammond said for the Court:

> The reason is plain why a demurrer should be used in declaratory judgment actions only to challenge the legal availability or appropriateness of the remedy.
>
> 'Where the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint; that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged.' 22 Am.Jur.2d *Declaratory Judgments*, § 91 (1965).

*Id.* at 409, 237 A.2d 35.

This became an original action for declaratory judgment in the Circuit Court for Harford County. It thus became the duty of the trial judge then to declare the rights of the parties, even though such declaration might be contrary to that sought by the complaining party. The Circuit Court for Harford

County had subject matter jurisdiction and the amended complaint stated a claim upon which relief could be granted.

Because there was jurisdiction in the lower court to decide this case upon the request for a declaratory judgment we have no need to consider the issue of mandamus upon which the trial judge rested his decision. On this subject *see Goodwich v. Nolan*, 343 Md. 130, 145–47, 680 A.2d 1040 (1996), and *Criminal Injuries Comp. Bd. v. Gould*, 273 Md. 486, 514, 331 A.2d 55 (1975).

## II. Were the Findings of Fact Adequate?

■ Appellant contends that the decision is arbitrary and capricious because "the Harford County Government ... fail[ed] to explain the basis of its decision and failed to address appellant's argument that twenty-three of the items which appellant allegedly failed to report ... fell outside of [its] jurisdiction," being second-hand precious metal objects and therefore within the jurisdiction of the State.

This Court has recently reiterated the requirement that agencies must make and disclose findings of fact and conclusions of law when rendering decisions. *See Mission Helpers v. Beasley*, 82 Md.App. 155, 164, 570 A.2d 382 (1990). The Workers' Compensation Commission was the agency there involved. Judge Wilner there said for the Court:

> For those agencies subject to the Administrative Procedure Act, the requirement that the agency make and disclose specific findings of fact and conclusions of law is statutory. *See* Md. State Gov't Code Ann., § 10–214. But even agencies, such as the Workers' Compensation Commission, that are not under that Act are subject to that requirement. In *Blue Bird Cab v. Dep't Emp. Sec.*, 251 Md. 458, 466, 248 A.2d 331 (1968), the Court held that "a fundamental requirement of the due process of law in a quasi-judicial proceeding is the right of the parties to be apprised of the facts relied upon by the tribunal in its decision." *See also Baker v. Board of Trustees*, 269 Md. 740, 747, 309 A.2d 768 (1973); *Turner v. Hammond*, 270 Md. 41, 55–56, 310 A.2d 543

(1973); *Ocean Hideaway Condo. v. Boardwalk Plaza*, 68 Md.App. 650, 656, 515 A.2d 485 (1986).

It is not necessary for the Commission to write lengthy opinions, and indeed that is not what the claimant sought in this case. It is necessary only that, when deciding a claim or otherwise ruling upon substantive issues, the Commission state the basis for its decision or ruling.

*Id.* at 164, 570 A.2d 382.

In the context of Code (1977, 1992 Repl.Vol.) § 12–208(b) of the Transportation Art. and Code (1984, 1993 Repl.Vol.), § 10–214(b) of the State Government Art., Judge Chasanow said for the Court in *Forman v. Motor Vehicle Admin.*, 332 Md. 201, 630 A.2d 753 (1993):

The purpose and effect of these sections is to provide the parties and, ultimately, a reviewing court, with the ability to understand the basis for the ALJ's decision. And, as Judge Adkins said with respect to § 10–214(b) in *Motor Vehicle Admin. v. Mohler*, 318 Md. 219, 230, 567 A.2d 929, 935 (1990),

"[i]f hearing examiners followed this directive scrupulously, it would be helpful to us, to the circuit courts, and to the hearing examiners themselves, for a careful statement of facts and conclusions would force the examiner to focus on the evidence presented and its sufficiency to support a particular conclusion."

Without findings of fact on all material issues, and without a clear statement of the rationale behind the ALJ's action, a reviewing court cannot properly perform its function. *See Harford County v. Preston*, 322 Md. 493, 505, 588 A.2d 722 [772], 778 (1991) ("This requirement is in recognition of the fundamental right of a party to a proceeding before an administrative agency to be apprised of the facts relied upon by the agency in reaching its decision and to permit meaningful judicial review of those findings."); *Board of County Comm'rs v. Ziegler*, 244 Md. 224, 229, 223 A.2d 255, 257–58

(1966) (remanding case to zoning authority to provide factual basis and reasons for its action).

*Id.* at 220–21, 630 A.2d 753.

In this case, Klimovitz, as Director of Administration, was not the "agency" rendering the decision to suspend Hamdan's license. That agency was the Department of Inspections, Licenses and Permits. Klimovitz merely reviewed that decision on appeal under the existing County procedure.

We have heretofore set forth that which the Director of the Department of Inspections, Licenses and Permits said in his letter to Hamdan's counsel. The director sufficiently explained his decision in his letter. Appellant thus was apprised of the facts and reasons leading to the suspension of his license. Moreover, the director outlined the relevant testimony received leading to his conclusion that appellant was in violation of certain County code provisions. He specified those code sections appellant was found to have violated. We find no error.

### III. Was the Harford County Ordinance Preempted by State Law?

■ Appellant argues that the pawnbroker's licensing provisions in Chapter .188 of the Harford County Code are not applicable to him because he holds a license to do business as a second-hand precious metal objects dealer issued by the State of Maryland pursuant to Title 12 of the Business Regulation Article of the Annotated Code of Maryland. He contends that the State licensing statute for second hand precious metal dealers completely preempts County regulations governing pawnbrokers.

State law establishes the following statutory scheme. Under the Second-hand Precious Metal Object Dealers and Pawnbrokers Act, Code (1992), Section 12–102(d)(1) of the Business Regulation Article, explicitly provides, "A county or municipal corporation may not enact a law to regulate dealers, coins, or numismatic items." However, the statute also provides that "[e]xcept as otherwise provided in this title, this

title does not apply to a pawnbroker located in a county that regulates pawnbrokers unless the pawnbroker does business as a dealer." *Id.* at § 12–102(c).

Surprisingly, neither party cited *Talbot County v. Skipper*, 329 Md. 481, 620 A.2d 880 (1993), probably the leading recent case on preemption. There Judge Eldridge said for the Court:

> Under our decisions, state law may preempt local law in one of three ways: 1) preemption by conflict, 2) express preemption, or 3) implied preemption.

*Id.* at 487–88, 620 A.2d 880.

We found it significant in the recent case of *Dashiell Realty v. Wicomico Cty.*, 122 Md.App. 239, 249, 712 A.2d 104 (1998), where there was a contention that a county was barred from imposing conditions on a special exception by state regulation of solid waste, that the state statute there at issue required as a prerequisite to issuing a waste disposal permit a finding that a site met all zoning requirements. Here, the statute also provides, as we have said, that "[e]xcept as otherwise provided in this title, this title does not apply to a pawnbroker located in a county that regulates pawnbrokers unless the pawnbroker does business as a dealer." Code (1992) § 12–102(c) of the Business Regulations Article. The trial judge found significant, as we have said, the "General Revisor's Note to Title 12 of the Business Regulation Article." He quoted the portion which said:

> After much deliberation, the Business Regulation Committee decided to revise the definition of dealer to limit the extent to which pawnbrokers are covered by this title ... Pawnbrokers are covered by this law if they are acting as dealers in particular transactions. *See* § 12–101(b) of this Title.

Clearly, the General Assembly intended that local jurisdictions may regulate in the area of other second hand property transactions. Therefore, if a local jurisdiction enacts legislation regulating pawn transactions, the State statute applies only to the extent that the pawnbroker is operating as a dealer

in those transactions involving second hand precious metal objects. The controlling state statute does not explicitly preempt the authority of local jurisdictions to regulate in this area. The state statute does not regulate the field so pervasively that there is no room for county action, therefore implying that the local law is preempted. The local regulation does not conflict with the State statute. Both regulations impose certain reporting requirements that are substantially similar. Thus the laws do not conflict. There is no inconsistency in requiring that a pawnbroker obtain the necessary licenses that cover all types of transactions conducted, even if one is issued by the State while another is issued by local authorities. We find no preemption.

## IV.  Was the Trial Judge's Decision Otherwise Correct?

■ The leading case in Maryland on review of actions of administrative agencies is *Insurance Comm'r v. Nat'l Bureau*, 248 Md. 292, 236 A.2d 282 (1967).  In that case Chief Judge Hammond said for the Court:

> Whichever of the recognized tests the court uses-substantiality of the evidence on the record as a whole, clearly erroneous, fairly debatable or against the weight or preponderance of the evidence on the entire record—its appraisal or evaluation must be of the agency's fact-finding results and not an independent original estimate of or decision on the evidence.  The required process is difficult to precisely articulate but it is plain that it requires restrained and disciplined judicial judgment so as not to interfere with the agency's factual conclusions under any of the tests, all of which are similar.  There are differences but they are slight and under any of the standards the judicial review essentially should be limited to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached.  This need not and must not be either judicial factfinding or a substitution of judicial judgment for agency judgment.  See 4 Davis, op. cit. §§ 29.01, 29.02, 29.03, 29.06, 29.07, 29.10; 2 Cooper, op. cit.  Ch. XIX, § 7; 2 Am.Jur.2d Administrative Law §§ 616, 620, 621, 659, 661; the majority

and concurring opinions in *N.L.R.B. v. Southland Mfg. Co.,* 201 F.2d 244; *Board [of County Com'rs of Prince George's County] v. Oak Hill Farms, Inc. [*232 Md. 274, 192 A.2d 761 (1963)*]* and *Board [of County Com'rs of Prince George's County] v. Levitt & Sons, Inc., [*235 Md. 151, 200 A.2d 670 (1964)*]* both supra.

*Id.* at 309–10, 236 A.2d 282. Although the trial judge did not cite this case, those cases to which he did refer say essentially the same thing. Clearly, there were facts before Lynch to support the conclusions he reached, as the trial judge found.

■ The trial judge correctly did not attempt to substitute his judgment for that of the Secretary as to the penalty to be imposed. Such is not the function of a court on review of an action of an administrative agency.

■ Although the opinion of the trial judge was not in the form of a declaratory decree, it was appended to the order which held "that the decision of the Director of Administration be affirmed." Its intent is clear. It was intended to declare the rights of the parties. However, in *Reddick v. State,* 213 Md. 18, 31, 130 A.2d 762 (1957), Judge Prescott said for the Court:

> The decree of a court of equity, and not its opinion, is the instrument through which it acts in granting relief. *Alleghany Corp. v. Alde. Corp.,* 173 Md. 472, 478, 196 A. 418. It is not necessary that a declaratory judgment be in any particular form, as long as the Court, *by its decree,* actually passes upon or adjudges the issues raised by the pleadings. *Carter et ux. v. Nance, et ux.* (Ky.) [304 Ky. 256], 200 S.W.2d 457, 459. And, in this regard, a finding of fact by the Court, unless it be included in the decree, is not the decree of the Court. *Employers Ins. Co. v. Brooks* (Ala.), [250 Ala. 36], 33 So.2d 3, 5. *Alleghany Corp. v. Alde. Corp., supra,* P. 480 of 173 Md.

*Id.* at 31, 130 A.2d 762.

A declaratory judgment should have been issued. Accordingly, upon remand a declaratory judgment shall be issued consistent with this opinion.

330

Judgment Vacated; Case Remanded to the Circuit Court for Harford County for Passage of a Declaratory Judgment Consistent with this opinion; Appellant to pay the Costs.