GRACE S. VANCE ET AL. *v.* THOMAS F. JOHNSON, ADMINISTRATOR C. T. A.
[No. 81, October Term, 1936.]

*Decided January 14th, 1937.*

The cause was argued before BOND, C. J., SLOAN, SHEHAN, and JOHNSON, JJ.

*Edmond H. Johnson* and *Randolph Barton, Jr.*, for the appellants.

*John S. Whaley* and *William H. Price*, with whom were *Staton, Whaley & Price* on the brief, for the appellees.

JOHNSON, J., delivered the opinion of the Court.

The principal question raised by this appeal, taken from a decree passed by the Circuit Court for Worcester County, in equity, is whether Grace S. Vance, Oliver J. Savin, and Alfred M. Savin who, with their spouses, are appellants herein, own certain real estate located in Snow Hill, Worcester County, Maryland, of which John M.

Savin, their father, died seised and possessed. By the decree appealed from that question was answered in the negative.

John M. Savin was twice married, and Grace S. Vance, Oliver J. Savin, and Alfred M. Savin are the children of the former marriage. Subsequent to the death of their mother, the father married Jennie Robb Savin, and, as early as 1918, he and the second wife established a residence at Snow Hill, Maryland, and there resided throughout the remainder of their lives, the second Mrs. Savin having departed this life in 1921, while the husband died in 1934. On May 9th, 1918, the husband and wife each executed a last will and testament. By her will she gave, devised, and bequeathed unto her husband absolutely her entire estate, and in his will it was provided:

"After the payment of all my just debts and funeral expenses I give, devise and bequeath my estate as follows:

"1. Knowing that in case the need should arise, my wife, Jennie Robb Savin, will fairly and justly see to the welfare of my three children, Oliver J. Savin, Alfred M. Savin and Grace S. Vance, and having full faith and confidence in her wisdom and judgment, I do hereby give, devise and bequeath unto my said wife, Jennie Robb Savin, absolutely and without any reservation whatsoever, all my estate, real, personal and mixed and wheresoever situated; and nothing herein contained shall be construed as any restriction on the full right of my wife to have, hold, use, consume, and dispose of the said estate in any manner she may see fit."

This will was on May 29th, 1934, after first having been proved, admitted to probate by the Orphans' Court of Worcester County, and at the same time letters of administration *c. t. a.* upon the estate were granted unto Thomas F. Johnson. On February 8th, 1935, appellants

filed an amended bill of complaint against Johnson, the administrator *c. t. a.*, and the unknown heirs of Jennie Robb Savin, alleging (a) that John M. Savin died seised and possessed of certain real estate described therein; (b) the date of his death, further that he left a paper writing purporting to be his last will and testament, the effect of which was unknown, but in which he attempted to devise all his estate to his wife, Jennie Robb Savin, who had predeceased him, also that said purported will had been admitted to probate in the Orphans' Court of Worcester County, and Johnson had been appointed administrator *c. t. a.*; (c) that they had failed to discover any heirs surviving Jennie Robb Savin, although they had made diligent effort to that end; (d) that they were the next of kin and heirs-at-law of John M. Savin; (e) that the real estate mentioned and described therein was not susceptible of partition in kind without material loss and injury to the parties entitled thereto.

The prayers of the bill were (1) that the court might decree whether said paper writing purporting to be the last will and testament of John M. Savin was a will sufficient to pass real and personal property under the laws of the State of Maryland, and if so, to whom said property should pass; and (2) that a decree might be passed for the sale of the real estate described therein for the purpose of partition.

Subsequently a petition was filed by Sarah Robinson Newton, Lockett Smith, Sue Crockett Du Puy, Jennie Robb Daviess, Mattie Robb Chilton, Anna Robb Pell, Mattie Robb Mason, Elizabeth M. Hinde, Jane Macklin Koop, Bedford Macklin, Nathan A. Quilling, Ruby Macklin, Eva Macklin Shedd. Fanny (sometimes called Frances) Murphy Bryan, alleging that they and a certain James Robb were the heirs-at-law of Jennie Robb Savin by virtue of being her only surviving first cousins, and that, being nonresidents of the State of Maryland, they had until recently not been aware of the existence and nature of the suit; that they claimed the property and estate of John M. Savin had passed to them and

James Robb as the heirs-at-law of Jennie Robb Savin by virtue of the last will and testament of John M. Savin, mentioned in the bill. Upon a prayer of that petition, the chancellor passed an order making them parties defendant and fixed a time within which they might demur or answer the bill. They promptly filed a combined demurrer and answer, but the demurrer was overruled. Their answer admitted Savin's ownership of the real estate at the time of his death; that his wife, Jennie Robb Savin, predeceased him, but asserted that the paper writing purporting to be his last will and testament was a valid will and sufficient to pass real and personal property under the laws of the State of Maryland, and that its effect was to pass title to the real estate mentioned to the heirs-at-law of his second wife, determinable as of the date of John M. Savin's death. It was further admitted that the real estate in question was not susceptible of partition in kind to the parties entitled to the same without material loss and injury, but asserted that the plaintiffs had no interest in said real estate and were, therefore, not entitled to any relief, and as they and James Robb, cousins of Mrs. Savin, were her heirs-at-law, reckoned as of the date of her husband's demise, they were entitled to said real estate. The answer of Thomas F. Johnson, the administrator *c. t. a.*, neither admitted nor denied the allegations of the bill, but consented to the passage of such decree as might be right and proper. Upon the issues made by the bill and answer, oral testimony was taken on behalf of the parties before the chancellor.

The evidence leaves no reasonable doubt that Grace S. Vance, Oliver J. Savin, and Alfred M. Savin are the only children of the testator by the former marriage, and that there were no children by the second marriage. It is likewise clear from the evidence that the intervening defendants and James Robb are the heirs-at-law and next of kin of Jennie Robb Savin by virtue of being her only surviving first cousins, and the record is entirely devoid of evidence tending to show any contact between

the testator and his children or between him and his wife's relatives within recent years. The chancellor found that, although Jennie Robb Savin predeceased her husband, the will was, by virtue of section 335 of article 93 of the Code, valid and effective; further, that appellants had no interest in the property. He accordingly passed a decree dismissing the bill of complaint.

Appellants' criticism of that decree is based upon the contention that the intent of the testator, as shown by his will and surrounding circumstances, was that the devise and bequest to Jennie Robb Savin were to become effective only in the event that she survived her husband, and, since she did not survive him, section 335 of article 93 of the Code is inapplicable and Savin therefore died intestate. But that argument is based upon the language used by the testator in his will, in which he expressed confidence that, should the need arise, his wife would "fairly and justly see to the welfare" of his three children, and the reasoning that the testator could not possibly have desired or intended such wishes to be carried out by some of her relatives who were unknown to him and in whom he could not have had faith and confidence.

Since it rarely happens that the phraseology of any two wills is similar, decisions holding that bequests and devises were or were not intended to take effect, if the person to whom they were made predeceased the testator, are of little aid to guide us in ascertaining testator's intent in the present case, and in the final analysis this must be determined from the context of the will and surrounding circumstances, but, as this court said in *Vogel v. Turnt,* 110 Md. 192, 197, 72 A. 661, 662: "It must be conceded that, when a testator manifests an intention that the beneficiary named by him shall take, and not those who would otherwise take by virtue of such a statute as ours, the statute will not control. In *Helms v. Franciscus,* 2 Bland [544] 560, it was said that, 'if a legacy be so given, that the legatee's right depends on his being alive at the time fixed for its payment * * * the legacy is lost,' and in *Dulany v. Middleton,* 72 Md. 74,

19 A. 146, the terms of the will were recognized as controlling, although they were so clear that there was little room to doubt them. Other cases might be cited to sustain that doctrine; but, as was also said in 18 *Am. & Eng. Ency. of Law,* 758, 'But it must be presumed that the testator made the will in view of the statute, and that he intended to have the statute prevail, unless the contrary appeared. The burden of showing the contrary is on the party claiming that the statute does not apply, and this burden is not lifted when it is made to appear that the legacies were prompted by personal regard for the legatees, for the fact that they were so prompted is not at all inconsistent with an intent to have them go to the descendants of the legatees in case the legatees themselves die before the testator.' " See, also, *Redwood v. Howison,* 129 Md. 577, 99 A. 863; *Schlotzhauer v. Kummer,* 149 Md. 583, 132 A. 53; *Miller, Construction of Wills,* page 414, par. 156.

The surrounding circumstances in the present case are that, at the time he executed this will, Savin had a second wife who had borne him no children, and also had three children by a former marriage with whom there is no showing that he had any communication for many years prior to his decease, and this also applies to the relatives of his second wife. The argument that he would not desire the relatives of the wife to take his entire estate to the exclusion of his children cannot control, unless supported by the language of the will, which he is presumed to have made in view of the statute. It is also presumed that he intended the statute (section 335, article 93 of the Code) to apply, and the burden of showing an intent to the contrary is upon those who assert it. *Miller, Construction of Wills,* pars. 19 and 156, and authorities cited thereunder, also *Redwood v. Howison, supra.* In our judgment, this burden has not been met by appellants, and, from a careful consideration of the provisions of the will, we are of the opinion that it fails to disclose an intent on the part of the testator that the devise and bequest made therein to his wife should fail

in the event she predeceased him. If this conclusion results in an apparent hardship to testator's children, the same is not chargeable to the court, who, in construing the will, is compelled to ascertain its meaning from what the testator said.

The will has been admitted to probate, and from what we have said it becomes apparent that we entertain no doubt of its sufficiency to pass both real and personal property under the laws of this state. The children of the testator, therefore, had no interest in the subject-matter of the suit, and the decree of the lower court dismissing the bill of complaint was correct.

*Decree affirmed, with costs to appellees.*