515 A.2d 236

**Carol BRATLEY, Personal Representative of the Estate of Eleanor N. Bratley**

**v.**

**SUBURBAN BANK, Personal Representative of the Estate of Alice Street Flory.**

**No. 813, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Oct. 8, 1986.

Peter A. Hornbostel, Washington, D.C. (Robert J. Greenleaf, Chevy Chase, on the brief), for appellant.

Clarence C. Keiser, Jr., Bethesda, for appellee.

Argued before GILBERT, C.J., and GARRITY and BLOOM, JJ.

GILBERT, Chief Judge.

The Personal Representative of the Estate of Eleanor N. Bratley asks that we compel distribution to the estate of a bequest from the late Alice S. Flory. To accomplish that objective, we are urged to hold that the Circuit Court for Montgomery County sitting as an Orphan's Court (Latham, J.) erred in its interpretation of Md.Est. & Trusts Code Ann. § 4–401 or that the statute is unconstitutional in that it denies equal protection and due process.

The agreed statement of facts [1] reveals that:

"Mrs. Eleanor N. Bratley handled gratis Mrs. Alice S. Flory's financial affairs for about 5 years. In token esteem, Mrs. Flory provided ... in her will ...

'To Eleanor Bratley (Mrs. CYRIL O.), a friend, five percent (5%), if living, otherwise this bequest shall fail.' "

Mrs. Bratley survived Mrs. Flory by twenty-four calendar days. The personal representative of Mrs. Flory's estate paid the sum of $12,561.02 to Ms. Carol Bratley in her capacity as personal representative of Eleanor Bratley's estate. When it discovered that Eleanor Bratley did not survive Mrs. Flory by thirty days, Suburban Bank, the personal representative of the Flory estate, refused to make further distribution to the Eleanor Bratley estate and demanded a return of the monies it had already paid. Carol Bratley declined to return the $12,561.02 she had received

---

1. This appeal was "expedited" pursuant to Md. Rule 1029.

on behalf of her mother's estate. Instead she filed in the Orphan's Court a "Petition to Compel Distribution of Legacy" which was denied by Judge Latham.

### I.

Estates and Trusts Article § 4–401 provides:

"A legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator, unless the will of the testator expressly creates a presumption that the legatee is considered to survive the testator or requires that the legatee survives the testator for a stated period in order to take under the will and the legatee survives for the stated period."

That language tracks the Uniform Probate Code § 2–601 [2] and similar statutes exist in other states. [3]

---

**2.** Uniform Probate Code § 2–601 and statutes cited in note 3, *infra,* have a survivorship requirement of 120 hours and, unlike Maryland's Estates and Trusts Article § 4–401, refer to "simultaneous deaths or deaths in a common disaster." Maryland has its own Simultaneous Death Act which applies to those situations. *See* Courts and Judicial Proceedings Article §§ 10–801 to 10–806.

Ohio Revised Code Annotated § 2105.21 (Page 1976), while not similar to the Uniform Probate Code § 2–601, has a thirty day survivorship rule that establishes a presumption of order of death.

**3.** Those State statutes are:
Alaska Statutes § 13.11.220 (1985);
Arizona Revised Statutes Annotated § 14–2601 (1956, Rep.Vol.1975);
Colorado Revised Statutes § 15–11–601 (1973);
Idaho Code § 15–2–601 (1949, Rep.Vol.1979);
Montana Code Annotated § 72–2–511 (1985). *See* Rusoff, *A Comparison of Article II, Parts 5 Through 9 of the Uniform Probate Code and the Revised Codes of Montana: Principally, the Execution, Revocation, and Construction of Wills,* 35 Mont.L.Rev. 1 (1974);
Revised Statutes of Nebraska § 30–2339 (1943, Reissue 1985);
New Mexico Statutes Annotated § 45–2–601 (1978). *See* Flickinger, *Intestate Succession and Wills Law: The New Probate Code,* 6 N.M.L. Rev. 25 (1975);
North Dakota Century Code § 30.1–09–01 (Rep.Vol.1976);
Utah Code Annotated § 75–2–601 (1953, Rep.Vol.1978). *See* Comment, *Articles II and III of the Uniform Probate Code as Enacted in Utah,* 1976 B.Y.L.Rev. 425.

Estates and Trusts Article § 4–401 was recommended to the legislature by the Henderson Commission,[4] a commission appointed by the Governor to review and revise the testamentary law of Maryland. Estates and Trusts Article § 4–401 was enacted by the legislature in Laws of 1969, ch. 3, § 1.[5] To illustrate the application of § 4–401, the Henderson Commission provided four examples of specific bequests. Those examples which are included in the Comment to the statute are:

"i. 'To A, if A survives the testator.' Under this type of bequest, A will have to survive the testator by at least 30 full days in order to take the legacy. If A fails to survive by at least 30 days he is presumed to have predeceased the testator, the condition of the legacy has not been met, the legacy becomes completely inoperative, and the anti-lapse statute does not apply.

ii. 'To A, if A survives the testator by 5 days or more.' Under this type of provision, if A survives the testator by five days or more but not by 30 days, A will be entitled to the legacy.

iii. 'To A, if A survives the testator, but if it cannot be determined whether A survives the testator, A shall be presumed to have survived the testator.' Under this provision, A would take the legacy if he survives the testator.

iv. 'To A.' Under this provision, if A survives the testator by less than 30 days, A will be deemed to have predeceased the testator, but the provisions of the anti-lapse statute will save the legacy."

◼ Carol Bratley argues that the legacy to her mother "vested" on the date of Mrs. Flory's death and that Judge

---

4. The Commission took its stylistic name from its chairman, the late William L. Henderson (1894–1984), retired Chief Judge of the Court of Appeals of Maryland.

5. The 1969 statute was originally codified in Md.Ann.Code art. 93, § 4–401. It later, with minor changes in language, became § 4–401 of the Estates and Trusts Article. Laws of 1974, ch. 11, § 2.

Latham's "application of ET [Article] 4–401 in this case is contrary to the legislative purpose."

The term "vested legacy" suggests the "fixation of a present right to either the immediate or future enjoyment of property." *Chism v. Reese*, 190 Md. 311, 320, 58 A.2d 643, 647 (1948);[6] *Curtis v. Maryland Baptist Union Association*, 176 Md. 430, 438, 5 A.2d 836, 840 (1939); *Safe Deposit & Trust Company v. Sheehan*, 169 Md. 93, 107, 179 A. 536, 543 (1935). On the date of Mrs. Flory's death, October 27, 1983, Eleanor Bratley, even though alive, did not have a "present right to either the immediate or future enjoyment" of the bequest made to her. Judge Latham pointed out that Mrs. Flory placed a "condition of survivorship" on the legacy. Survivorship, as defined by the operation of ET Art. § 4–401, means that the legatee, Eleanor Bratley, was required to "survive the testat[rix] by 30 full days." Hence, the legacy could not vest in Eleanor Bratley unless she lived until November 27, 1983. *See Pannone v. McLaughlin*, 37 Md.App. 395, 411, 377 A.2d 597, 606 n. 9 (1977); *In the Matter of the Estate of Wooten*, 198 Mont. 132, 138–39, 643 P.2d 1196, 1200 (1982).

We agree with Carol Bratley that, by enacting ET Art. § 4–401, the General Assembly's aim was to avoid multiple administration and taxation of estates.[7] The legislature, we think, also intended to apply ET Art. § 4–401 exactly as

---

**6.** An examination of the briefs and opinion in what is styled in 190 Md. 311, 58 A.2d 643 as *Chism v. Reese* fails to disclose from whence the name *Chism* came. It is clear from the briefs, opinion of the Court, and mandate that the case was filed as "Ellen Louisa Reese, Extrx. and Ellen Louisa Reese, Extrx. under the last will and testament of Clarence Herbert Reese, and as sole legatee and distributee under said will vs. F. Sydney Reese, individually, and as surviving trustee of the estate of John R. Reese, deceased, et al." Apparently the name *Chism* is the publisher's error.

**7.** *See* Stiller and Redden, *Statutory Reform in the Administration of Estates of Maryland Decedents, Minors, and Incompetents*, 29 Md.L. Rev. 85 (1969). ET Art. § 3–110 applies a similar thirty day survival rule to heirs of intestates.

suggested in the Henderson Commission's comments.[8] In Comment example i., the Commission used the wording: "To A, if A survives the testat[rix]," as illustrating that if A did not survive by 30 full days the bequest would be inoperative. Viewed in the light of Comment example i., it is apparent that Eleanor Bratley's inability to survive Mrs. Flory by 30 full days renders the legacy inoperative.[9]

■ Carol Bratley asserts that if ET Art. § 4–401 applies, then the anti-lapse legacy statute is controlling. Maryland's anti-lapse statute, ET Art. § 4–403, provides, in pertinent part:

"(a) *Death of legatee prior to testator.*—Unless a contrary intent is expressly indicated in the will, a legacy may not lapse or fail because of the death of a legatee after the execution of the will but prior to the death of the testator if the legatee is:

(1) Actually and specifically named as legatee;

(2) Described or in any manner referred to, designated, or identified as legatee in the will; or

(3) A member of a class in whose favor a legacy is made.

(b) *Effect of death of legatee.*—A legacy described in subsection (a) shall have the same effect and operation in law to direct the distribution of the property directly from the estate of the person who owned the property to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property."

---

**8.** The Court of Appeals said in *Allers v. Tittsworth,* 269 Md. 677, 683, 309 A.2d 476, 480 (1973), quoting Judge David Ross of the Circuit Court for Baltimore City, "[T]he practice of considering revision commission reports in searching for legislative intent is too well established to be open to question."

**9.** The Henderson Commission explained in a "Summary of Changes Made in [its] Second Report," "[E]ven if the legatee lives for 28 days, [s]he shall be presumed to have predeceased the testat[rix], unless the will otherwise provides."

That section does not apply to the instant case for the reason that, Mrs. Flory, by appending the clause "if living, otherwise this bequest shall fail," indicated her intent that the legacy would lapse if Eleanor Bratley did not survive the testatrix. Patently, had Mrs. Flory not added the above quoted clause, ET Art. § 4–403 would have "saved" the legacy for the Bratley estate.

The parties agree that the legacy to Eleanor Bratley was included in the will in "token esteem." Of the eight personal bequests contained in the Flory will, three condition the bequest by the qualifying words "if living, otherwise this bequest shall fail," while the remaining five are to the legatee "or to her [or his] heirs."

■ We are required to look to the plain meaning of the words in the entire will to find the testatrix's intent. *Cole v. Bailey*, 218 Md. 177, 180, 146 A.2d 14, 15 (1958); *Marty v. First National Bank of Baltimore*, 209 Md. 210, 216–17, 120 A.2d 841, 844 (1956); *Chism v. Reese*, 190 Md. 311, 316, 58 A.2d 643, 645 (1948).

> We think Judge Latham had it right when he opined: "[T]hat to construe the words 'if living' as a 'stated period' of an instant beyond which Mrs. Bratley's heirs were intended to inherit would be contrary to this … intention. This is so especially in light of the very specific language providing for the failure of the bequest in the event she did not survive to personally [sic] enjoy it and the specific provisions in other bequests that the legacy pass to the legatee's heirs. Example (ii), supra, of the comment to ET Section 4–401 is the type of stated period contemplated under the statute."

*See Allers v. Tittsworth*, 269 Md. 677, 684, 309 A.2d 476, 480 (1973), where the Court concluded that the estate of a legatee who died twenty-five days after the testator had no claim, based on the will, against the estate of the testator.[10]

---

**10.** The question in *Allers* was whether the testator's codicil, which was executed after the effective date of § 4–401, made his will, executed

■ Mrs. Flory is presumed to have known both the common and statutory law when she executed her will and codicil, *Allers, supra,* at 686, 309 A.2d at 481; *Kearney v. Sascer,* 37 Md. 264, 279 (1873); *Tobiason v. Machen,* 217 Md. 207, 211–12, 142 A.2d 145, 147 (1958). Furthermore, she is presumed to have intended that the law prevail. *Tobiason, supra; Vance v. Johnson,* 171 Md. 435, 440–41, 188 A. 805, 807 (1937); *Bartlett v. Ligon,* 135 Md. 620, 626–27, 109 A. 473, 476 (1920). She utilized language that made clear that the thirty day survival provision of ET Art. § 4–401 applied. As Judge Latham explained, "Given that Mrs. Flory was represented by counsel when she drew up her will, it is even more likely that Section 4–401 was taken into account when she placed the condition on the ... bequest." *See In the Matter of the Estate of Kerlee,* 98 Idaho 5, 557 P.2d 599 (1976).

Judge Latham properly rejected Ms. Bratley's arguments relative to the non-application of ET Art. § 4–401 and the application of ET Art. § 4–403.

## II.

■ We turn now to consideration of the attack made on the constitutionality of ET Art. § 4–401.

Having decided that Eleanor Bratley had no operative vested property interest in the bequest from Mrs. Flory, discussion of any alleged due process violations on those particular grounds is unnecessary. Carol Bratley argues that the legislature arbitrarily created the statutory classification of legatees to whom the thirty day survival rule applies.

Although Maryland's Constitution does not include an equal protection clause, "the concept of equal protection is ... embodied in Article 24 of the Declaration of Rights." *State v. Good Samaritan Hospital of Maryland, Inc.,* 299

---

prior to that effective date, subject to § 4–401. The Court held that it did and, in so doing, denied the claim by the legatee's estate. 269 Md. at 686, 309 A.2d at 481.

Md. 310, 327, 473 A.2d 892, 900 n. 7, *appeal dismissed,* 469 U.S. 802, 105 S.Ct. 56, 83 L.Ed.2d 7 (1984); *Hornbeck v. Somerset County Board of Education,* 295 Md. 597, 616, 458 A.2d 758, 768 n. 4 (1983); *Attorney General of Maryland v. Waldron,* 289 Md. 683, 704, 426 A.2d 929, 940–41 (1981).

The only question posed to us under the equal protection argument is whether there is a rational basis for the legislature's action.

The Court in *State v. Good Samaritan Hospital of Maryland, Inc., supra,* said:

"[W]here all persons who are in like circumstances are treated the same under the law, there is no deprivation of equal protection; but a law which operates upon some persons or corporations, and not upon others like situated or circumstanced, or in the same class, is invalid. *Hornbeck v. Somerset Co. Bd. of Educ.,* 295 Md. 597, 640, 458 A.2d 758 (1983). Where, as here, we are concededly dealing with the rational basis standard of review in determining whether the challenged enactment runs afoul of equal protection guarantees, the basic rules are as stated in *Montgomery Co. v. Fields Road,* 282 Md. 575, 579–80, 386 A.2d 344 (1978), quoting from *Lindsley v. National Carbonic Gas Co.,* 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911):

'1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify ... but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be

assumed.  4. One who assails the classification in such a law must carry the burden of showing that it does not rest on any reasonable basis, but is essentially arbitrary.'

A statutory classification tested by the rational basis standard enjoys a strong presumption of constitutionality and reasonable doubt as to its constitutionality is sufficient to sustain it."

299 Md. at 327–28, 473 A.2d at 900–01.

Paraphrasing *Good Samaritan,* in order for Carol Bratley to overcome the strong presumption of constitutionality, there must be a clear and convincing showing that the 30 full day survival provision embodied in ET Art. § 4–401 does not rest upon any reasonable basis but is essentially arbitrary.  *Hornbeck, supra,* 295 Md. at 657, 458 A.2d at 790.

Judge Latham identified two goals of § 4–401: first, "to eliminate double administration of the same property where the second decedent dies within thirty days of the first decedent [and second] to ensure effectuation of the testat[rix's] intent."  Section 4–401 is reasonably related to the first enumerated aim because it eliminates double administration and, as Judge Latham noted, is "specifically ... inapplicable to a surviving spouse because of the possible loss of the Federal estate tax marital deduction which might result if the statute presumed [for example] that a widow who did not survive for thirty days predeceased her husband." [11]

The statute's reasonable relation to the second objective was articulated by Judge Ross in *Allers, supra:* "One who dies so soon after the testat[rix] that the bequest cannot be distributed to ... [her] is unable to receive and enjoy the bequest in a manner contemplated by the testa[trix].  This

---

**11.** *See* Stiller and Redden, *Statutory Reform in the Administration of Estates of Maryland Decedents, Minors, and Incompetents,* 29 Md.L. Rev. 85, 97–98 (1969).

is undoubtedly one of the reasons for the Legislature's adoption of § 4–401." 269 Md. at 684, 309 A.2d at 480.

From the various options available to Mrs. Flory to express her intent, as shown in the four examples in the Comment to ET Art. § 4–401, as well as the two stated goals of that section, we conclude that Carol Bratley has not shown that statute is unconstitutional. We believe ET Art. § 4–401 satisfies the rational basis test of *State v. Good Samaritan Hospital of Maryland, Inc., supra* [299 Md.] at 329, 473 A.2d at 901, and *Hornbeck, supra* [295 Md.] at 657, 458 A.2d at 790 [12] and is constitutionally sound.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

**12.** A former statutory version of Ohio's thirty day survivorship rule, *see supra* note 1, withstood a similar constitutional challenge in *Ostrander v. Preece,* 129 Ohio St. 625, 196 N.E. 670, *appeal dismissed,* 296 U.S. 543, 56 S.Ct. 151, 80 L.Ed. 386 (1935).