776 A.2d 74

Venice L. SHIPLEY

v.

J. Timothy MATLACK, et al.

No. 1633, Sept. Term, 2000.

Court of Special Appeals of Maryland.

July 6, 2001.

Gary S. Peklo, Ellicott City, for appellant.

D. William Brooke (Richard R. Epple, Jr. on the brief), Baltimore, for appellees.

Argued before DAVIS, HOLLANDER and WILLIAM W. WENNER (retired, specially assigned), JJ.

DAVIS, Judge.

Venice L. Shipley[1] appeals two separate decisions of the Circuit Court for Howard County. The first memorandum and order issued June 21, 2000 construed the Will of Evelyn G. Meyn after a trial on the merits was held on April 11, 2000. The lower court concluded that Evelyn's residual estate went to her contingent legatee, appellee Timothy Matlack, by express language in the Will. The date of entry of the judgment in the circuit court occurred on June 28, 2000. From that decision appellant, on September 12, 2000, filed an appeal presenting the following question for our review:

I. Did the lower court err in determining that Evelyn's devise to her brother-in-law had lapsed,[2] when he predeceased her and that the anti-lapse statute did not apply in this situation, when Evelyn had expressly named a

---

1. Shipley was one of five legatees of Henry Meyn's Will. Henry Meyn was the brother-in-law of Evelyn Meyn, whose Will and estate were the subjects of the lower court's opinion. Although there was an original appeal by appellants Thomas E. Lloyd, et al., this appeal is solely that of Shipley.

2. There were three named legatees in Evelyn's Will: her sister Marie, who died several months before Evelyn, her brother-in-law (Marie's husband), who died twenty-six days after Evelyn's death, and appellee.

contingent beneficiary in the event that the first two legatees did not survive her?

A hearing was held in the Circuit Court for Howard County on August 21, 2000 on appellant's petition for a determination of lot boundary and a motion to show cause and appellee's motion to dismiss. Appellant's petition asked the lower court to declare that an existing encroachment of the mobile home park on Evelyn's property was an easement, which could be used in common by the adjoining property owners Henry and Marie Meyn. The circuit court granted appellee's motion to dismiss. From that decision, appellant also appealed on September 12, 2000, presenting the following question for our review:

II. Did the circuit court abuse its discretion by granting appellee's motion to dismiss and declining to hear appellant's request for a determination of lot boundaries?

## FACTUAL BACKGROUND

Marie Cadle married Henry Meyn in 1935. Her sister, Evelyn, married Henry's brother, John, in 1938. The two couples lived in a house on 2.1 acres located on Gorman Road in Howard County that John and Evelyn owned. Marie and Henry owned 4.37 acres adjacent to John's and Evelyn's property and upon which was a mobile village. Both Meyn couples lived together in the Gorman Road residence until their deaths. Henry was the last of the four to survive. He died in 1997.

During their lives, the Meyns operated the forty-site trailer park business known as Ev–Mar Mobile Village. Evelyn managed the park from an office inside the house; Henry and John assisted with maintaining the premises; Marie kept the books for the business.

John Meyn was the first to die in 1984. His wife, Evelyn, became the sole owner of the 2.1 acres by operation of law. In the summer of 1986, Evelyn contacted Thomas E. Lloyd [3]

---

3. Thomas E. Lloyd was the attorney who drafted the Meyns' Wills and served as personal representative until the Orphan's Court, on January

and arranged for a meeting that also included Henry and Marie. At the meeting, each of the surviving Meyns discussed their desire that the last surviving party should own the home and the trailer park business. Lloyd, therefore, prepared each of the Meyn's individual wills and deeds to effectuate each of their wishes. The deeds, by use of a straw person, conveyed Evelyn's 2.1 acres to Evelyn and Marie as joint tenants with the right of survivorship and conveyed Henry and Marie's 4.37 acres to Henry, Marie, and Evelyn as joints tenants with rights of survivorship.

Marie died in 1997 leaving as executor of her Will her husband, then her sister. Evelyn died a few months later and Henry died twenty-six days after Evelyn's death. The putative legatees subsequently disputed the construction of Evelyn's Will. Her Will reads, in pertinent part:

*ITEM III.* All the rest, residue and remainder of my estate whether real, personal or mixed, of every kind and description, whether now owned or hereafter acquired, and wheresoever situate, which I may own or have the power to dispose of at my death, whether in possession, reversion, expectancy, or remainder including all such property over which I now have or may have at the time of my death the power of appointment, I hereby give, devise, bequeath and appoint unto my sister, MARIE ELIZABETH MEYN, absolutely, if she shall survive me for a period of thirty (30) days; but if my sister, MARIE, shall predecease me or fail to survive me a period of thirty (30) days, then and in any of those events, I give, devise, bequeath and appoint all the rest, residue and remainder of my estate unto my brother-in-law, HENRY EDWARD MEYN, absolutely.

*ITEM IV.* If both my sister and my brother-in-law shall predecease me as hereinbefore provided, then I give, devise, bequeath and appoint all the rest, residue and remainder of

12, 2000, removed him for cause involving mismanagement of the estate assets as well as breach of fiduciary duties. We subsequently affirmed the order of the Orphan's Court in an unreported decision, No. 2706, Sept. Term, 2000 (filed Jan. 11, 2001).

my estate to TIMOTHY MATLACK, [a nephew by marriage] absolutely, *per stirpes.*

*ITEM V.* I do hereby nominate, constitute and appoint my sister, MARIE ELIZABETH MEYN, to be the Executrix of this my LAST WILL AND TESTAMENT; if for any reason my sister, MARIE ELIZABETH MEYN, shall predecease me or shall fail or refuse for any reason to qualify, then and in that event, I hereby nominate, constitute and appoint my attorney, THOMAS E. LLOYD, to be the Executor of this my LAST WILL AND TESTAMENT. My personal representatives shall serve without the necessity of giving bond for the performance of their duties hereunder other than that bond required by law.

Prior to Henry's death, Lloyd prepared a new Will, which Henry executed on June 13, 1997 while confined in a hospital. In his Will, Henry left twenty percent of his estate to each of the five following legatees: Shipley, Toni M. Abram, Michele Froats, Timothy Matlack, and Dale Matlack. Letters of administration were issued to Lloyd on June 6, 1997 in the estate of Evelyn. On June 30, 1997, letters of administration were issued to Lloyd as personal representative in the estate of Henry.

On January 25, 1998, appellee filed suit in the Circuit Court for Baltimore City seeking a declaratory judgment that he was Evelyn's sole legatee. In April 1998, Lloyd filed a declaratory judgment action in the Circuit Court for Howard County seeking judicial interpretation of the testamentary language of the Will of Evelyn and appellee responded by filing a motion for summary judgment. The complaint asked the court to determine the true intent and purpose of the last Will and Testament of Evelyn G. Meyn and Henry E. Meyn. All of the residuary legatees were served. The Circuit Court for Howard County, on February 19, 1999, granted summary judgment in favor of Timothy Matlack based on the following findings of fact and conclusions of law:

(a) Henry E. Meyn, by operation of Section 4–401 of the Estates and Trusts Article, is considered to have predeceased Evelyn G. Meyn;

(b) Since both Marie Meyn and Henry E. Meyn prede-
ceased Evelyn G. Meyn, then under Item IV of the Will,
the residuary estate of Evelyn G. Meyn shall be distrib-
uted to J. Timothy Matlack.

Since that time, numerous pleadings have been filed. Three
of the residuary legatees in Henry's Will, appellant, Abram,
and Froats, filed a motion to alter or amend judgment. Lloyd
submitted an affidavit to the court. After reviewing the
motion and affidavit, the circuit court determined that sum-
mary judgment should not have been granted, struck the
judgment, and set the case for trial. A trial on the merits was
held on April 11, 2000 and the court permitted the parties to
file post-trial submissions. In its June 20, 2000 memorandum
and order, the court ordered and declared that:

(a) Henry E. Meyn, by operation of Section 4–401 of the
Estates and Trust Article, is considered to have prede-
ceased Evelyn G. Meyn;

(b) Since both Marie Meyn and Henry E. Meyn prede-
ceased Evelyn G. Meyn, then under Item IV of the Will,
the residuary estate of Evelyn G. Meyn shall be distrib-
uted to J. Timothy Matlack; and

(c) Under the terms of the Will of Evelyn G. Meyn, the
legacy to Henry E. Meyn became inoperative upon his
death, and the anti-lapse statute, Section 4–403 of the
Estates and Trust Article, does not apply.

## DISCUSSION

### I

■ Appellant's first contention is that the circuit court
erred in the construction of Evelyn's Will by not applying
Maryland's Anti-lapse Statute, Md.Code (Repl.Vol.2001), Es-
tates & Trusts (E.T.) § 4–403:

(a) Death of legatee prior to testator.—*Unless a contrary
intent is expressly indicated in the will,* a legacy may not
lapse or fail because of the death of a legatee after the

execution of the will but prior to the death of the testator if the legatee is:

(1) Actually and specifically named as legatee;

(2) Described or in any manner referred to, designated, or identified as legatee in the will; or

(3) A member of a class in whose favor a legacy is made.

(b) Effect of death of legatee.—A legacy described in subsection (a) shall have the same effect and operation in law to direct the distribution of the property directly from the estate of the person who owned the property to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property.

(c) Creditors of deceased legatee.—Creditors of the deceased legatee shall have no interest in the property, whether the claim is based on contract, tort, tax obligations, or any other item.

(Emphasis added.) Appellant states correctly that E.T. § 4–403 effectively saves the legacy from lapsing when a legatee does not survive the testator by thirty full days.

Appellee, on the other hand, contends that the language of the statute indicates that the anti-lapse provision in subsection (a) does not apply when a contrary intent is expressly indicated in the Will. Additionally, appellee argues and appellant concurs that E.T. § 4–401 must be applied in this case. Section 4–401 reads:

**Death of legatee**

A legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator, unless the will of the testator expressly creates a presumption that the legatee is considered to survive the testator or requires that the legatee survives the testator for a stated period in order to take under the will and the legatee survives for the stated period.

Appellant maintains that E.T. § 4–401 would not render the legacy inoperative because even though by definition of E.T. § 4–401, Henry predeceased Evelyn, by surviving only twenty-six days after her death, the legacy is saved by the anti-

lapse statute. Appellee points out, however, that the Will expressly states that, in order for Evelyn's estate to pass to Henry, he must first survive her. If Henry does not survive Evelyn, the Will states that the estate shall go to Evelyn's nephew-appellee.

Appellant relies on *Bratley v. Suburban Bank,* 68 Md.App. 625, 515 A.2d 236 (1986), for support and insists that E.T. § 4–401 should be applied as suggested by the Henderson Commission Comments.[4] Specifically, appellant refers to example "iv" in the comment, which states that, if a bequest in a Will provides "To A" with no additional language then,

> [u]nder this provision, if A survives the testator by less than 30 days, A will be deemed to have predeceased the testator, but the provisions of the anti-lapse statute will save the legacy.

*Bratley,* 68 Md.App. at 629, 515 A.2d 236. In *Bratley,* the testator bequeathed the following gift:

> To Eleanor Bratley (Mrs. CYRIL O.), a friend, five percent (5%), if living, otherwise this bequest shall fail.

*Id.* at 627, 515 A.2d 236. Bratley survived the testator by twenty-four calendar days. Thus, by virtue of E.T. § 4–401, Bratley predeceased the testator. However, Carol Bratley, the daughter and personal representative of Eleanor Bratley's estate, argued that the anti-lapse statute controlled and the legacy should not fail even if Eleanor did not survive the full thirty days.

In the case *sub judice,* appellant analogizes the bequest in Evelyn's Will to the bequest in *Bratley,* asserting that the provision in Evelyn's Will, "ITEM III," comports with the

---

4. Section 4–401 was recommended to the legislature by the Henderson Commission (Commission), which was chaired by the late Chief Judge of the Court of Appeals, William L. Henderson. The governor appointed the Commission to review and revise the testamentary law of Maryland. In 1969, § 4–401 was originally codified and later became § 4–401 of the Estates and Trusts Article. Laws of 1974, ch. 11, § 2. *See Bratley,* 68 Md.App. at 629, n. 4 & n. 5, 515 A.2d 236.

Henderson Commission example "iv." "ITEM III" states, in pertinent part:

> ... but if my sister, MARIE, shall predecease me or fail to survive me a period of thirty (30) days, then and in any of those events, I give, devise, bequeath and appoint all the rest, residue and remainder of my estate until my brother-in-law, HENRY EDWARD MEYN, absolutely....

We disagree with appellant's conclusions because it negates a critical provision in Evelyn's Will, "ITEM IV":

> *If both my sister and my brother-in-law shall predecease me as hereinbefore provided, then I give, devise, bequeath and appoint all the rest, residue and remainder of my estate to TIMOTHY MATLACK, [a nephew by marriage] absolutely, per stirpes.*

(Emphasis added.) We explained in *Bratley* that the anti-lapse statute did not apply because the testator had appended to her bequest the phrase, "if living, otherwise this bequest shall fail." *Id.* at 632, 515 A.2d 236. We reasoned, therefore, that, had the testator not added the above-quoted phrase, E.T. § 4–403 would have saved the legacy for the Bratley estate; but, the phrase patently indicated the testator's intent that the legacy should lapse if Eleanor Bratley did not survive her. *Id.*

Likewise, in the instant case, Evelyn appended "ITEM IV" to her gift, placing a condition of survivorship on the legacy. In our recent decision in *Segal v. Himelfarb*, 136 Md.App. 539, 547, 766 A.2d 233 (2001), we reasoned that "[s]tatutes for the prevention of lapses are intended, not to defeat the [W]ill, but to supplement it ...." (quoting *Vogel v. Turnt*, 110 Md. 192, 197, 72 A. 661 (1909)). The statute "ought not to control if it [is] inconsistent with the [W]ill...." *Id.* Thus, we do not agree with appellant that Evelyn's bequest passed immediately to Henry and should be distributed to his beneficiaries. Such a construction of the Will is untenable when there is a contrary intent expressed in the Will. As the circuit court properly calculated:

Under [appellant's] reading, Item IV, the bequest to Timo-
thy Matlack, would have no meaning, because Timothy
could never take under the Will since Henry's status, dead
or alive, always blocks the bequest to Timothy.

We perceive no error in the circuit court's determination that
the anti-lapse statute does not apply in this situation, whereby
the expressed intent of Evelyn's Will named appellee as a
contingent beneficiary in the event that both Marie and Henry
did not survive her.

## II

■ Appellant's second contention is that the circuit court
abused its discretion when it declined to consider appellant's
request for a determination of lot boundaries. We agree and
will remand on this issue alone.

During their lifetime, Evelyn, Marie, and Henry owned, as
joint tenants in fee simple, parcel 492 on Gorman Road near
the town of Savage, Maryland in Howard County. Evelyn and
Marie owned an adjoining parcel 743 on Gorman Road as joint
tenants in fee simple. According to appellant, after the
parties' deaths, parcel 743 was part of Evelyn's estate and
parcel 492 was part of Henry's estate.

Appellant filed a petition and supplementary petition seek-
ing a declaratory judgment that identified the real property
contained in Evelyn's estate and in Henry's estate because, as
appellant alleges, the title to each property "was clouded by
the existence of a 40 year encroachment of Henry's use of
Evelyn's land." Appellant included in her petition a survey
plat of Ev–Mar Trailer Park, which she avers shows a tres-
pass of Henry's mobile home park on Evelyn's land of more
than one-half acre which has continued, exclusively, in Henry's
use without interruption for forty years. Ultimately, appel-
lant's petition alleges that, "if Evelyn's estate was finally
determined to go to Timothy Matlack, a division of the two
tracts of land is inevitable and will lead to imminent litigation
unless this justiciable controversy is resolved."

We stated in *Hamdan v. Klimovitz*, 124 Md.App. 314, 323, 722 A.2d 86 (1998), that a motion to dismiss

> should be used in declaratory judgment actions *only* to challenge the legal availability or appropriateness of the remedy.

(Emphasis added.) Moreover,

> [w]here the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer [or motion to dismiss] since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his [or her] complaint; that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he [or she] is entitled to a declaration of rights with respect to the matters alleged.

(Citing *Hunt v. Montgomery County*, 248 Md. 403, 409, 237 A.2d 35 (1968).)

Because it is alleged that the trespass or easement prevents the proper distribution of both the estates of Evelyn and Henry, we will remand the case to the lower court for purposes of quieting title.

**JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.**